[Knight v. Ray.]

# Knight *v.* Ray.

*Bill in Equity to charge Land with the Reimbursement of Money used in its Purchase.*

| 75  | 383 |
|-----|-----|
| 121 | 412 |
| 121 | 413 |

| 75  | 383 |
|-----|-----|
| 134 | 598 |

1.  *Transfer of one of several notes secured by mortgage; priority of lien.* The transfer of one of several notes secured by mortgage clothes the transferee with the right to be first paid out of the mortgaged property.

2.  *When land charged with reimbursement of money used in its purchase.*—K., holding three promissory notes made by S., payable to himself, and secured by a mortgage on lands, traded and transferred one of the notes to R. for a valuable consideration. S. having made partial payments to K., but leaving unpaid to him a considerable balance, K. sold the lands under a power contained in the mortgage, and at the sale A. was set down as the purchaser at a price greater than the amount due to R., but less than the amount due to K. No money was paid on this purchase, but K. conveyed title to A., who immediately reconveyed to K., no money passing, K. merely entering a credit on the mortgage of the amount bid at the sale. *Held,*

(*a*) That this was, in effect, an investment by K. of the funds realized from the sale, in the lands.

(*b*) That when K. made the sale, the proceeds being primarily due to R., it was his duty to pay the latter's demand before applying any of the proceeds to his own claim.

(*c*) That by investing the money in lands, instead of paying it to R., K. armed R. with the right to have a lien declared on the lands purchased for the payment of the money thus improperly invested.

APPEAL from Chilton Chancery Court.

Heard before Hon. N. S. GRAHAM.

The facts are sufficiently stated in the opinion.

L. E. PARSONS, JR., J. S. EDWARDS and WATTS & Son, for appellant.

WM. A. COLLIER, *contra.*

STONE, J.—The lands in controversy in this cause were first sold by Ray and wife to Miss Knight, and afterwards sold by her to her brother, the appellant. We need not consider any rights which may be supposed to arise out of these transactions. Nor need we consider the question of vendor's lien, as between Knight and the Sandfords, his vendees. These questions are immaterial, in the view we take of this case.

Knight, the appellant, held three notes, made by the Sandfords, payable to himself, and secured by a mortgage on the lands in controversy, with power of sale on default. One of

[Knight v. Ray.]

these notes he traded and transferred to Mrs. Ray for a valuable consideration, and retained the ownership of the other two notes. The Sandfords made partial payment to Knight, but left unpaid to him a balance of four hundred, or more dollars. Thereupon Knight, after due advertisement, sold the lands under the power in the mortgage, and another Knight was set down as the purchaser, at the price of three hundred and fifty dollars; a sum in excess of the amount due Mrs. Ray, but much less than the whole sum due on the mortgage. No money was paid on this purchase, but Knight, the mortgagee, conveyed title to Knight, the purchaser, who immediately reconveyed to his vendor, the appellant. No money was passed, but the mortgagee entered a credit on the mortgage, of the sum realized from the sale. This, then, was in effect, an investment by Knight, the mortgagee, of the funds realized from the sale, in the lands sought to be subjected by this bill; and Mrs. Ray is seeking to trace her money into this land, and to charge it with its reimbursement.

While all the notes remained the property of Knight, the mortgaged lands were equally bound for the payment of each. When, however, Knight traded and transferred one of the notes to Mrs. Ray, retaining the others, although the transfer was by mere delivery, he clothed her with the right to be first paid out of the property mortgaged.—*Doe ex dem. v. McCloskey*, 1 Ala. 708; *Cullum v. Erwin*, 4 Ala. 452; *Wallace v. Nichols*, 56. Ala. 321. When Knight made the sale, the proceeds of right being primarily due to Mrs. Ray, it was his duty to pay, first, her demand, before applying any of the proceeds to his claim. Failing to do so, an action for money had and received lay in her favor; and when, instead of paying the money to her, he invested it in lands, he armed her with the right to have a lien declared on the land thus purchased, for the payment to her of her money, thus improperly invested. *Preston v. McMillan*, 58 Ala. 84.

The Sandfords were unnecessary parties, and we need not inquire whether the case was properly at issue as to them.

Affirmed.