# Hartley *v.* Matthews.

*Bill in Equity for Cancellation of Mortgage, and for Injunction of Action at Law.*

1. *Bill in equity to cancel mortgage, alleging payment of debt; sufficiency of offer to do equity.—*Where a bill in equity to cancel a mortgage and to restrain the purchaser at a sale under the power in the mortgage from prosecuting actions for rent and unlawful detainer, alleges that the mortgage debt was fully paid before the sale, and offers to do equity by paying whatever may be found due on the mortgage debt, if anything, and to submit to such decree as the court might render, the averments are sufficient to authorize relief against the mortgage.

2. *Dissolution of injunction on denials of answer.—*When the complainant's right to an injunction rests upon the fact that a mortgage debt has been paid as averred, and this allegation is fully and positively denied in the sworn answer of the defendant who, the bill alleges, is claiming the right to enforce the mortgage as the transferee thereof, it is proper to dissolve the injunction on such denials, though the answer of another defendant, who is made a party under a general allegation that she claims some interest in the property, and who is not shown by the bill to have knowledge of the transaction in respect of which answers are required, is not verified

3. *Injunction of action at law.—*It is proper to refuse an injunction of the prosecution of an action at law, on grounds which are available as a defense at law.

4. *Power to sell lands in mortgage follows assignment of debt.—*Under the statute (Code, § 1844) the power of sale in a mortgage of lands passes to the assignee of the mortgage debt.

APPEAL from Chancery Court of Lowndes.
Heard before the Hon. JOHN A. FOSTER.

J. C. RICHARDSON, for appellants.

GIRARD COOK, *contra.*

THORINGTON, J.—The bill in this case seeks the cancellation of a mortgage and an injunction to restrain the purchaser at the mortgage sale from prosecuting separate actions for rent and unlawful detainer instituted by such purchaser. Complainants in the bill are the widow and heirs of the deceased mortgagor. It is shown that no administrator of the mortgagor's estate was ever appointed, and that all the debts against his estate were paid before the filing of the bill. The respondents are the transferee of
Vol. 96.

[Hartley v. Matthews.]

the mortgage, and the purchaser at the mortgage sale, the
latter being the wife of such transferee.

The grounds for relief are that the power of sale con-
tained in the mortgage is personal to the mortgagee and did
not pass to his assignee by the transfer of the mortgage,
and that the mortgage debt was fully paid before the trans-
fer of the mortgage to appellee, A. S. Matthews. The bill
contains an offer to do equity by paying whatever may be
found due on the mortgage debt, if anything, and by sub-
mitting to such decree as the court might render.

An answer was filed by the transferee of the mortgage,
which denies all the facts constituting the equity of the bill,
and alleging and exhibiting written acknowledgments by the
mortgagor and by appellant of a subsisting indebtedness
under the mortgage. This answer is verified by the affida-
vit of the respondent A. S. Matthews. His wife, and co-
respondent, filled an answer by which she adops as her own
the answer filed by her husband, but her answer is not veri-
fied by her own oath.

The cause was submitted, as the decree of the court
recites, "on motion of the defendant to dissolve the injunc-
tion for the want of equity in the bill and on the denials in
the answer." The Chancery Court dissolved the injunction,
and in its decree directs a reference to take an account of
the mortgage debt, "by consent of the parties without pre-
judice to the right of appeal, and without settling any
equity in the case." The appeal is taken from that decree
by appellant in her name, alone, and there is a joinder in
error without objection on that ground. The demurrers
were not passed on by the Chancery Court, and the only
assignment of error is the decree dissolving the injunction.

The facts alleged in the bill of complaint, if established
by proof, are sufficient to authorize relief as against the
mortgage.—*Tipton v. Wortham*, 93 Ala. 331 ; *Whitley & Trim-
ble v. Dunham Lumber Co.*, 89 Ala. 493. But, as averred in
the bill, they defeat any right in the complainants to relief
by an injunction *in limine*. It is obvious from the averments
of the bill that neither the action for rent, nor of unlawful
detainer, can be maintained if appellant should avail her-
self of the defenses open to her at law, and which the
bill shows she has the opportunity of doing.

While an injunction against an action at law is sometimes
retained in aid of the main purpose of the bill and in order
to settle the whole controversy in one suit, notwithstanding
there may be a valid defense at law to the suit enjoined, it is
not matter of absolute right that it should be so retained,

15–96

[Hartley v. Matthews.]

and under the facts disclosed in the bill we can not hold that the court erred in decreeing a dissolution of the injunction. *Wingo v. Hardy*, 94 Ala. 184. It can not be clearly discerned from the record whether the injunction was dissolved because of an adequate defense at law, or because of the denials in the answer of the facts constituting the equity of the bill. But it may be inferred from the consent portion of the decree that the court predicated the dissolution of the injunction on the denials of the answers. In *Jackson v. Jackson*, 10 So. Rep. p. 31, CHIEF JUSTICE STONE speaking for the court said : "When the bill avers facts, the burden of proving which is entirely on complainant, then, if the sworn answer is made on knowledge and contains an unequivocal denial of the charges on which the right to an injunction rests, the general rule is that the injunction must be dissolved on the denials in the answer." In this case the right of complainant to an injunction, and to any relief whatever under her bill, rests upon the fact of the mortgage debt having been paid as averred, and the burden of proving that fact is clearly on her. The answer of A. S. Matthews is full, and its denials of the facts constituting the equity of the bill are positive and complete and under oath. The case is, therefore, clearly within the general rules, and the injunction was properly dissolved.—*L. & N. R. R. Co. v. Philyaw*, 94 Ala. 463.

The fact urged by appellant, that the answer of Mrs. Matthews was not verified by her affidavit as required by the rule in such cases, can not change the result. It is a reasonable inference from the averments of the bill that the transactions in respect of which answers are required are within the knowledge of A. S. Matthews rather than of his wife, who is simply made a party under a general allegation that she claims some interest in the property, without even showing that her claim arises under or in connection with the mortgage. Furthermore, the injunction runs against both the defendants, and no objection was made in the Chancery Court that the answer of Mrs. Matthews was not verified. Under these circumstances the objection can not prevail as a ground for reversing the chancellor's decree.—*Mobile School Coms'rs. v. Putnam*, 44 Ala. 506 ; *Dunlap v. Clements*, 7 Ala. 539,

To the claim made in the bill that the power of sale in the mortgage was personal to the mortgagee and did not pass to the assignee of the mortgage debt, the statute is a complete answer. By the terms of the statute the power is made part of the security for the mortgage debt, and may

[Wadsworth v. Goree.]

be executed by any person who, by assignment, or otherwise'
becomes entitled to the money so secured,—Code, 1886'
§ 1844.

The decree of the Chancery Court dissolving the injunc-
tion must be affirmed.

Affirmed.