# Brewer *v.* Atkeison.

### *Action by Transferee Against Mortgagee for Money had and Received.*

1. *Transfer of promissory note secured by mortgage; rights of transferee.*—The transfer of one of several promissory notes secured by mortgage clothes the transferee with the right to be first paid out of the mortgaged property; and operates as an assignment *pro tanto* of the mortgage lien on the land, authorizing the transferee to foreclose the same under the power in the mortgage.

2. *Transferee cannot sue mortgagee for money had and received.*—If the mortgagee transfers one of the notes to secure which the mortgage was given, and afterwards the mortgagor

[Brewer v. Atkeison.]

pays the remaining notes to the mortgagee and takes from
him a quit claim deed to the land mortgaged, the transferee
of the first note cannot maintain an action at law against
the mortgagee for money received for his use; his mortgage
lien is not affected, and he can still proceed against the land.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. W. A. ANDERSON.

This was an action by Robert W. Atkeison against
Emma O. Brewer for money received by her for use of
plaintiff. Pleas, the general issue and a special plea.
Leroy Brewer the testator of defendant sold land to one
B. W. Goodwin, and took three notes for the purchase
money, secured by mortgage on the land. Brewer in his
life time transferred one of the notes to the plaintiff.
Afterwards Goodwin paid the two notes held by the de-
fendant as the executrix of Leroy Brewer. The mortgage
was not foreclosed, but on the payment of the two notes,
Emma O. Brewer marked the mortgage satisfied, and
executed to Goodwin a quit claim deed to the land em-
braced in it. The plaintiff brought this suit, claiming
the money received by the defendant to the amount of his
note, to be money received for his use.

The affirmative charge was given to the plaintiff, and
was denied to the defendant.

Charges 1 and 2 refused to the defendant and which
this court say should have been given are as follows.:
(1). "If you believe the evidence in this case you
will find for the defendant." (2). "Unless it is proved
that the money collected by Mrs. Brewer from Goodwin
was proceeds of a sale of the mortgaged property in-
cluded in the mortgage which secured the three notes
given by Goodwin, or unless it is shown that that prop-
erty was turned over to Mrs. Brewer and treated as
money, then you must find for the defendant."

JOHN W. McALPINE, for appellant, cited, *Steiner
Bros. v. Clisby*, 103 Ala. 192; 82 Ala. 558.

R. H. & N. R. CLARKE, *contra.*—The action by appel-
lee was brought under the authority of *Knight v. Ray*, 75
Ala. 383.

HARALSON, J.—Action for money had and received, tried on pleas of the general issue, and a special plea of estoppel.

. The principle is well understood with us, that the transfer of one of several notes secured by mortgage, clothes the transferee with the right to be first paid out of the mortgaged property.—*Knight v. Ray,* 75 Ala. 383; *Preston v. Ellington,* 74 Ala. 133. In the first case cited, the mortgagee, Knight, held three notes secured by mortgage, one of which, for a valuable consideration he transferred to Ray, retaining the other two. The mortgagor made partial payments to Knight, the mortgagee, but left unpaid on his notes $400. Thereupon, Knight, after due advertisement, sold the lands under the power in the mortgage, and, through another, became the purchaser of them at $350, a sum in excess of the amount due Ray, on his note. No money was paid, but the mortgagee entered a credit on the mortgage, of the sum realized on the sale. Ray filed a bill and sought thereby to trace her money into this land and to charge it with its reimbursement. The court held that the sale under the mortgage was in effect, an investment by Knight, the mortgagee, of the funds realized from the sale, in the lands sought to be subjected by the bill. They said of the transaction: "While all the notes remained the property of Knight, the mortgaged lands were equally bound for the payment of each. When, however, Knight traded and transferred one of the notes to Mrs. Ray, retaining the others, although the transfer was by mere delivery, he clothed her with the right to be first paid out of the proceeds of the property mortgaged.—*Doe ex dem. McCloskey,* 1 Ala. 708; *Cullum v. Edwin,* 4 Ala. 452; *Wallace v. Nichols,* 56 Ala. 321. When Knight made the sale the proceeds of right being primarily due to Mrs. Ray, it was his duty to pay, first, her demand, before applying any of the proceeds to his claim. Failing to do so, an action for money had and received lay in her favor; and when, instead of paying the money to her he invested it in lands, he armed her with the right to have a lien declared on the land thus purchased for the payment to her of her money thus improperly invested."

[Brewer v. Atkeison.]

The principle underlying this and our other decisions to the same effect is, that an assignment by the mortgagee of one of the mortgage notes operates as an assignment *pro tanto* of the lien upon the lands, and entitles the assignee to payment in priority of the note retained by the mortgagee out of the funds arising out of the mortgaged property—the lien extending through the property mortgaged, to the money for which it may have been sold. But, the principle has no application to money paid by the mortgagor to the mortgagee on the remaining note, when, so to speak, the money so paid never saw the mortgaged lands, was independent and not the legitimate offspring of them. Such money could in nowise be imbued or infected with the mortgage lien security.—Code, § 1040 (1844) ; *Knight v. Ray, Preston v. Ellington, supra.*

The evidence in the case shows without conflict, that the money paid by Goodwin the mortgagor to the defendant, was not the proceeds of the sale of the mortgaged property, and that the property was not turned over to her on account of such payment.

The contention of appellee's counsel is,—to express it in their own language,—that "The payment by Goodwin, the mortgagor, of two of the three notes secured by the mortgage, and securing thereby a full satisfaction from the mortgagee of the mortgage debt and a re-conveyance by the mortgagee of the legal title standing in her to the lands covered by the mortgage, we submit, was in effect a foreclosure of the mortgage, and entitled the appellee to his action for money had and received."

But in this insistence we apprehend counsel are in error. We have seen that the assignment by the mortgagee of one of the secured notes operated as an assignment *pro tanto* of the mortgage lien upon the lands, authorizing the assignee to foreclose the same under the power in the mortgage (Code, § 1040; *Hartley v. Matthews,* 96 Ala. 224). Goodwin, the mortgagor, knew when he paid the two notes to the defendant,—the executrix of the mortgagee,—that there was another mortgage note outstanding, in the hands of the plaintiff, who claimed the same. When the defendants, therefore, upon the payment to her of the two notes she held, executed

[Tyson *et al.* v. The Decatur Land Co.]

to the mortgagor a quit-claim to the mortgaged lands, she did not thereby destroy the mortgage security the plaintiff held on these lands for the payment of his debt. She was without authority to satisfy the mortgage as to plaintiff's debt; and, between the plaintiff and the mortgagor, the mortgage remains, as for anything appearing to the contrary, a valid security for the payment of the note held by the plaintiff, if, and to the extent, the same remains unpaid.—1 Jones on Mortgages, § § 814, 818; *Wildsmith v. Tracy,* 80 Ala. 258; *Johnson v. Beard,* 93 Ala. 96.

From the foregoing it will appear that under the plea of the general issue, charges 1 and 2 requested by defendant and refused, should have been given.

Reversed and remanded.