# Jonas Kuppenheimer et al., Appellees, v. Chicago ·Title and Trust Company, Appellant, and Christiana Brachvogel et al., Appellees.

## Gen. No. 15,743.

1. MORTGAGES—*order of lien on notes secured by deed of trust.* Where several notes payable at different dates are secured by the same mortgage or trust deed, such notes, in the absence of any special provision in the mortgage or trust deed to the contrary, are entitled to payment from the proceeds of the mortgaged property in the order of their maturity; and this rule applies even though the mortgage or trust deed provides an option to declare the entire principal due upon default in payment of one, or the interest upon one, note, or recites that it is given for a balance of the purchase money. Further, the fact that the notes are made payable on or before their respective dates of maturity is not material.

2. MORTGAGES—*when assignee entitled to preference as against mortgagee.* When the mortgagee assigns one or more of the notes, and retains the remainder of the series, it is generally held that the assignee is entitled to priority of lien as against the mortgagee, with respect to the note or notes so transferred; and this rule operates without regard to the order in which the notes held by the two parties mature.

3. MASTER IN CHANCERY—*when findings conclusive.* If a party fails to object and except to a master's report and such master fails to find the facts necessary to the consideration of the claim of such party, the report is conclusive against such party as to the findings of fact.

Foreclosure.    Appeal from the Circuit Court of Cook county; the HON. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded with direc- tions.    Opinion filed October 4, 1911.

CHARLES L. BARTLETT and SHERMAN C. SPITZER, for appellant.

LACKNER, BUTZ & MILLER, for CHRISTIANA BRACH- VOGEL, appellee, and JUDAH, WILLARD, WOLF & REICH- MANN, for JONAS KUPPENHEIMER, et al., appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the opinion of the court.

On May 8, 1890, Bernard Kuppenheimer sold and conveyed to Emil Dickmann 308.654 acres of land in Cook county for $308,654, of which one-fourth was paid in cash and the payment of the remaining three-fourths was evidenced by divers notes payable in one, two and three years after date, secured by trust deeds upon several portions of the land. The trust deed here involved, covered forty acres of the tract sold, and was given to secure the payment of nine of the said deferred purchase money notes, as follows: Two for $4,000 each, and one for $3,491.72, payable on or before one year after date; two for $4,000 each, and one for $3,491.72, payable on or before two years after date; two for $4,000 each, and one for $3,491.71, payable on or before three years after date. The notes were exe- cuted by Dickmann payable to the order of himself and by him endorsed and delivered to the vendor, Kup- penheimer. All of the notes for $4,000 each and the note for $3,491.72, which matured one year after date, were retained by Kuppenheimer, and the notes matur- ing one year after date were paid to him.    The note for $3,491.72, payable two years after date, was transfer- red by Kuppenheimer, without endorsement and by de- livery merely, to the Chicago Title and Trust Company, and the note for $3,491.71, payable three years after

date, was transferred in like manner to Christiana Brachvogel. Subsequently Bernard Kuppenheimer died testate, and was at the time of his death the owner of an undivided two-fifths interest in the four notes for $4,000 each, two being payable on or before two years after date and two on or before three years after date. The trust deed given to secure the several notes recited that it was given to secure the balance payments of purchase money for the property therein described, and also contained the usual provisions respecting default and the distribution of the proceeds in the event of the sale of the property, as follows:

"If default be made in the payment of said promissory notes, or of any part thereof, * * * or of a breach of any of the covenants or agreements herein contained, then in such case the whole of said principal sum and interest secured by said promissory notes, shall thereupon, at the option of the legal holder or holders thereof, become immediately due and payable; and on application of the legal holder of said promissory notes, or either of them, it shall be lawful for said grantee * * * to enter into and upon and take possession of the premises herein granted * * * and out of the proceeds of any such sale to first pay the cost of such suit, all costs of advertising, sale and conveyance, including all the reasonable fees and commissions of said party of the second part, or persons who may be appointed to execute this trust and reasonable attorneys' and solicitors' fees and also all other expenses of this trust including all moneys advanced for insurance, taxes and other liens, or assessments, with interest thereon at eight per cent. per annum, then to pay the principal of said notes whether due and payable by the terms thereof, or the option of the legal holder thereof, and interest due on said notes, up to the time of such sale, rendering the overplus, if any, unto the said party of the first part * * *."

On November 5, 1904, Jonas, Louis B. and Albert B. Kuppenheimer as executors of the last will of Bernard Kuppenheimer, deceased, and Jonas and Louis B. Kuppenheimer in their own right, and Samuel Nathan, filed their bill, which was thereafter amended to foreclose said trust deed, and on September 29, 1906, said complainants filed their supplemental bill wherein they alleged that the estate of said Bernard Kuppenheimer, deceased, had been closed up and the said executors discharged, and that said Jonas, Louis B. and Albert B. Kuppenheimer had become in their own right the owners of all the title and interest which said Bernard Kuppenheimer had at his death in the notes described in the original bill. The Chicago Title and Trust Company and Christiana Brachvogel, together with certain other persons whose rights and interests are not here involved, were made parties defendant to said original bill as amended and to said supplemental bill. The answer of the defendant, Chicago Title and Trust Company, avers that it is and for a long time has been the owner of the principal note for $3,491.72 which matured two years after date; that said note matured May 8, 1892; that there is now due thereon $3,491.72 with interest from May 8, 1897, at 8 per cent. per annum; that said note matured at an earlier date, to-wit: one year earlier than two of the notes for $4,000 each, which are alleged to be owned by the complainants, and which by their terms became due three years after date; and that its said note likewise matured one year earlier than the note for $3,491.71, alleged to be owned and held by the defendant Christiana Brachvogel; that by reason of the premises the lien of the said defendant, Chicago Title and Trust Company, under said trust deed, upon the premises therein described is superior to the lien thereon of the complainants by virtue of their said notes, and is also superior to the lien thereon of the defendant, Chris-

tiana Brachvogel, by virtue of her said note; and that in any decree in said cause said defendant, Chicago Title and Trust Company, is entitled to have the amount due upon its said note paid in full out of the proceeds of any sale by virtue of said decree, before the application of any of the proceeds of said sale to the payment of the indebtedness. The defendant, Chicago Title and Trust Company, also filed its cross bill wherein it claimed affirmative relief upon the grounds averred in its answer. Upon the issues joined the cause was referred to the master to take the evidence and report the same with his conclusions of law and fact.

The master stated the account between the respective parties, showing the total amount due to each of them, as follows:

To the complainants, ................. $32,457.00
To the defendant, Christiana Brachvogel,    6,657.37
To the defendant, Chicago Title and
    Trust Company, ...................   6,787.32

No objection is interposed to the account as stated. The master further found that where several notes were secured by a mortgage or trust deed they were, in the absence of any special provision to the contrary, entitled to payment from the proceeds of the real estate in the order of their maturity; that the trust deed in question did not contain any special provision that the notes thereby secured should not be so paid; and that the order of the payment out of the proceeds of a sale of the property should be as follows:

1. The costs of the suit including solicitor's fees of the complainants and cross complainant.

2. The amounts due for taxes and tax redemptions, together with the interest thereon.

3. The amount of the notes due two years after date, being two notes for $4,000 each, held by the complainants, and one note for $3,491.72, held by cross com-

plainant, Chicago Title and Trust Company, with interest on said notes.

4. The amount of the notes due three years after date, being two notes for $4,000 each held by the complainants and one note for $3,491.71 held by the defendant, Christiana Brachvogel, with interest on said notes.

The complainants filed their objections to said report of the master, which objections, for the purpose of brevity, may be formulated, as follows:

That the master found that the several notes involved should be paid out of the proceeds of any sale, in the order of their respective maturities; that the master found that the lien of said notes which matured two years after date was superior to the lien of the said notes which matured three years after date; and that the master had failed to find that the notes secured by the trust deed were all equally secured thereby and should be paid *pro rata* out of the proceeds of any sale. The defendant, Christiana Brachvogel, also filed objections to the report of the master upon the ground, in substance, that the master did not find that said defendant was entitled to a preference or priority over the complainants in the payment of her note out of the proceeds of any sale, by reason of the transfer to her of said note by Bernard Kuppenheimer, the original holder thereof.

All of the said objections to his report were overruled by the master, and the cause was then heard by the chancellor upon said objections standing as exceptions to said report. Upon the hearing the chancellor entered a decree sustaining the exceptions of the complainants, and overruling the exceptions of the defendant, Christiana Brachvogel, and directing the payment of the proceeds of any sale *pro rata* among the respective parties, in accordance with the account as stated by the master. To reverse this decree the cross

complainant, Chicago Title and Trust Company, has appealed to this court, and the defendant, Christiana Brachvogel, has assigned cross-errors upon the record.

It is conceded by the appellees that the general rule in this state is that where several notes, payable at different dates, are secured by the same mortgage or trust deed, such notes, in the absence of any special provision in the mortgage or trust deed to the contrary, are entitled to payment from the proceeds of the mortgaged property in the order of their maturity. Gardner v. Diederichs, 41 Ill. 158; Walker v. Dement, 42 Ill. 272; Humphreys v. Morton, 100 Ill. 592.

Appellees insist however that the trust deed here involved contains certain special provisions which are operative to prevent the application of the *pro tanto* rule, and which require the application of the *pro rata* rule in the payment of the notes from the proceeds of the mortgaged premises, and counsel in support of such insistence direct our attention to the clauses or provisions of the trust deed:

First, The clause providing that if default be made in the payment of the notes, or any part thereof, or the interest thereon, or any part thereof, at the time and in the manner specified for the payment thereof, then, in such case the whole of the principal sum and interest shall, at the option of the legal holder or holders of said notes, become immediately due and payable, and that upon a sale of the premises the court shall out of the proceeds direct the payment of the principal of said notes, whether due and payable by the terms thereof or the option of the legal holder thereof, and interest due on said notes up to the time of such sale.

Second, The clause reciting that said trust deed was given for the balance payments of purchase money described therein, and

Third, The provisions whereby the principal debt

was payable in installments and the notes were made payable on or before their respective dates of maturity.

The default clause in the trust deed is not operative automatically upon the failure of the maker of the notes to pay the same or the interest thereon, but is merely permissive, and requires the affirmative action of the holder or holders of all the notes, not due by their terms, to make it available and operative. Barbour v. White, 37 Ill. 164; Brokaw v. Field, 33 Ill. App. 138; Marine Bank v. International Bank, 9 Wis. 47; 2 Jones on Mortgages, sec. 1182.

The rule that in the absence of an agreement to the contrary, notes are payable from the proceeds of the sale of mortgaged property in the order of their maturity, is predicated upon the fact that the holder of the note first maturing may foreclose upon non-payment without waiting for the succeeding notes to mature. Sargent v. Howe, 21 Ill. 148; Gardner v. Deiderichs, 41 Ill. 158. In the case last cited it was said: ''The power to do this implies a priority of lien in the notes first falling due.''

When the notes and trust deeds here involved were executed it may reasonably be presumed that the parties intended that the several notes would be paid at maturity. This was the contract, and we perceive nothing in the default clause which evidences a contrary intention. The provision whereby the holders of the notes were authorized to declare the notes to be due before their maturity by their terms only became operative in the event that the mortgagor and maker of the notes failed to comply with his contract.

Nothwithstanding the fact that the mortgages involved contained default clauses, some of which were operative automatically without any election by the holders of the notes, the *pro tanto* rule was announced and adhered to in the following cases: Gardner v. Diederichs, *supra;* Koester v. Burke, 81 Ill. 436; Hurck

v. Erskine, 45 Mo. 484; Marine Bank v. International Bank, *supra;* Leavitt v. Reynolds, 79 Iowa, 348; Horn v. Bennett, 135 Ind. 158. In 2 Jones on Mortgages, sec. 1699, it is said: "This rule of priority according to maturity is not affected by a provision in the mortgage whereby all the notes become due upon any default." See also 27 Cyc. 1306, and 20 Am. & Eng. Enc. of Law, 1049.

The clause in the mortgage providing for the distribution of the proceeds of a sale of the premises contains no intimation that such distribution shall be made otherwise than the law directs in the absence of a special agreement to the contrary. The case of Humphreys v. Morton, 100 Ill. 592, cited by appellees, is not in point. In that case the court adhered to the *pro tanto* rule; but held it to be inapplicable because the bonds there involved matured simultaneously.

The fact that the trust deed was given to secure the unpaid balance of purchase money furnishes no reason for the application of the *pro rata* rule against the appellant which holds one of the notes, the transfer of which carried the mortgage security as an incident and vested in appellant the right to foreclose the same for non-payment of its note at maturity without waiting for the notes, payable three years after date, to mature, which consideration forms the basis of the enforcement of this *pro tanto* rule. The *pro tanto* rule was enforced in Vansant v. Allmon, 23 Ill. 30, and Flower v. Elwood, 66 Ill. 438, where purchase money mortgages were involved.

The exceptions filed by the appellees to the master's report finding that appellant, Chicago Title and Trust Company, was entitled to priority of payment of its note maturing two years after date as against the notes held by appellees maturing three years after date, were improperly sustained by the chancellor. The other question raised by appellant is involved in

the cross errors assigned by appellee Brachvogel, and will be disposed of in that connection.

The cross errors assigned by appellee, Christiana Brachvogel, present the question of her right, by virtue of the transfer to her by Bernard Kuppenheimer of the note for $3,491.71 payable three years after date, to preference or priority as against the two-fifths interest in the two notes, maturing three years after date, which appellees acquired as legatees of Bernard Kuppenheimer.

We are of the opinion that both upon reason and authority the cross errors are well assigned.

In Pomeroy's Eq. Juris., sec. 1203, the rule is stated as follows:

"When the mortgagee assigns one or more of the notes, and retains the remainder of the series, it is generally held that the assignee is entitled to priority of lien as against the mortgagee, with respect to the note or notes so transferred; and this rule operates without regard to the order in which the notes held by the two parties mature."

The reason for the rule is there stated thus:

"The mortgagee having transferred the note and received the consideration therefor, it would be inequitable in him to deprive the assignee of any part of its value, by insisting upon a priority or even an equality of right in sharing the insufficient proceeds."

See also 27 Cyc. 1304; 20 Am. & Eng. Enc. of Law, 1039; 2 Jones on Mortgages, sec. 1701.

In Knight v. Ray, 75 Ala. 383, Knight, the mortgagee, held three notes secured by mortgage, and transferred one of the notes to Mrs. Ray, retaining the other two. The court said:

"While the notes remained the property of Knight, the mortgaged lands were equally bound for the payment of each. When, however, Knight traded and transferred one of the notes to Mrs. Ray, retaining

the others, although the transfer was by mere delivery, he clothed her with the right to be first paid out of the mortgaged property.''

Substantially the same conclusion was arrived at in Stevenson v. Black, 1 N. J. Eq. 338; McClintic v. Wise's Admrs., 25 Grat. (Va.) 448; Parkhurst v. Watertown Steam Eng. Co., 107 Ind. 594; Salzman v. His Creditors, 2 Robinson, (La.) 241; Brewer v. Atkeison, 121 Ala. 410; Barkdull v. Herwig, 30 La. Ann. 618; Anderson v. Sharp, 44 Ohio St. 260.

The precise question here involved does not appear to have been heretofore presented for determination to the courts of review in this state.

In Walker v. Dement, 42 Ill. 272, it was said:

''We regard the proposition as fully settled and firmly established, that, as between the parties, the mortgagee may assign any of a series of notes, secured by mortgage, and by agreement give a prior equity or lien on the mortgaged premises for their payment out of the fund, in preference to those he retains. And we regard the rule as equally well established that all persons taking the notes thus retained, with notice of the agreement for the priority of lien given to the others, are as fully bound by that preference as are the parties to the contract. It is a matter about which parties may legally contract, and *when they do so,* it will be upheld and enforced precisely like other lawful agreements.''

Counsel for appellees rely upon the language quoted as indicating an assumption by the court that an express agreement between the mortgagee and his assignee that the latter should have a prior lien was necessary to bring about that result. In the *Walker* case the contest was between different assignees of the mortgagee, and the court was not called upon to consider and determine the question here involved between a mortgagee and a transferee for value of one of the notes secured by the mortgage. The equitable principle invoked in

this case was not there considered. Humphreys v. Morton, 100 Ill. 592, also involved a contest between the assignees of certain bonds secured by a mortgage, and is not in point.

While the master in his report found that appellant was entitled to priority of payment of its note maturing two years after date as against notes held by appellees maturing three years after date, under the *pro tanto* rule, he made no specific finding as to the claim of appellant to a preference against the two-fifths interest in the notes maturing two years after date held by appellees as legatees of Bernard Kuppenheimer, by virtue of the fact that said note was transferred to appellant by said Bernard Kuppenheimer. The report of the master, however, finds and designates the order of the liens of the several claims and the order in which the proceeds of a sale of the property should be applied in payment of such liens, which finding in so far as it relates to the note held by appellant is, in effect, that it should share *pro rata* with the notes maturing two years after date. This finding necessarily operated to disallow the claim of appellant for a preference upon the ground stated. Appellant filed no objections and exceptions to said report of the master, and his failure to find therein the facts necessary to the consideration and determination of the claim of appellant to a preference upon that ground, and such report must be held conclusive against it as to the findings of fact. Matthews v. Whitethorn, 220 Ill. 36.

The decree of the Circuit Court will be reversed and the cause remanded with directions to enter a decree overruling the exceptions filed by appellees to the master's report and sustaining the second exception filed by Christiana Brachvogel to said report, and also directing the master to make payment out of the proceeds of a sale of said property in the order, as follows:

First, the costs of suit, including solicitor's fees of

the complainants and the cross complainants; second, the amount advanced by the respective parties for taxes and tax sale redemptions, with interest thereon; third, to pay the amount due upon the notes maturing two years after date with interest thereon; fourth, to pay to the defendant Christiana Brachvogel the amount due on her note, with interest thereon, and to the complainants three-fifths of the amount due on their notes maturing three years after date, with interest thereon, and in case the proceeds of sale are insufficient to pay the same in full to apply said proceeds in satisfaction of the same *pro rata,* and fifth, to pay to complainants the balance (two-fifths) of their notes maturing three years after date with interest.

*Reversed and remanded with directions.*