## HAND v. KEMP. (7 Div. 122.)

(Supreme Court of Alabama. April 13, 1922.)

1. **Mortgages ⬅244(1), 417 — Assignee may foreclose; holder of nonnegotiable note transferred by mortgagee has prior right of payment over notes mortgagee retains.**

Where mortgagee transferred one of the nonnegotiable notes secured by a mortgage, the transferee was entitled to foreclose as soon as default was made and his note was entitled to priority of payment as against the other notes retained by mortgagee.

2. **Mortgages ⬅238, 249(2)—Maker of nonnegotiable mortgage notes is entitled to notice of the transfer of one of them; payment to mortgagee without notice of assignment is good.**

Where one of the notes secured by a mortgage and transferred by mortgagee to plaintiff holder was nonnegotiable, being for payment in cotton only, the mortgagor was entitled to notice of transfer, and if, without such notice, he paid the note and discharged his obligation to the mortgagee, that payment was binding on the holder, and barred his right to proceed against the maker.

3. **Mortgages ⬅249(3)—Holder of nonnegotiable purchase-money mortgage note by transfer from mortgagee, on mortgagor's retransfer of land to mortgagee and mortgagee's satisfaction of the mortgage of record, cannot hold bona fide purchaser of land from mortgagee liable.**

While mortgagee's transfer of a nonnegotiable mortgage note without notice to the mortgagor, and subsequent acceptance of a retransfer of the property from mortgagor in payment of all the mortgage notes and satisfaction of the mortgage of record, was a fraud on the transferee of such note, yet, since the mortgagee was ostensibly clothed with authority and burdened with the duty of satisfying the record, any third person, who might buy the land in reliance upon that entry, and without notice of the outstanding transferred note, would be protected against the claim of the transferee, as he would be against any other outstanding secret equity.

4. **Mortgages ⬅249(3)—Where vendor transferred a nonnegotiable purchase-money mortgage note, and mortgagor reconveyed, and mortgage was released, a subsequent bona fide purchaser is not liable on note.**

Where plaintiff purchased from vendor, mortgagee, one of the nonnegotiable notes, secured by a mortgage, and the mortgagor, without notice of transfer, reconveyed the land to the mortgagee, and the mortgage was released of record, if it be conceded that the holder's equity could have been and was converted into a legal estate by the holder's process of mortgage foreclosure, his failure to place on record some evidence of his acquired title which would carry constructive notice to a subsequent bona fide purchaser for value bars his assertion of title against such a purchaser without actual notice.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Ejectment by C. S. Hand against W. E. Kemp. Judgment for defendant, and plaintiff appeals. Affirmed.

The parties claim through a common source of title, one J. R. Hardeman. On December 31, 1915, Hardeman conveyed the land to Haygood for 8,000 pounds of lint cotton, and the purchase price was secured by a mortgage and five notes of even date, payable in cotton, one note for 1,600 pounds, payable November 1 thereafter, and the others annually thereafter, on the same date, until all were paid. The mortgage was recorded January 18, 1916. On March 31, 1916, Hardeman transferred for a valuable consideration the first maturing note of said series to C. S. Hand, the plaintiff, by written indorsement; but Haygood, the mortgagor and maker, never had any knowledge or notice of said transfer, and on January 9, 1917, said Haygood, for a recited consideration of $600, conveyed said land back to said Hardeman, the deed reciting that it is "made in full satisfaction for the mortgage given for the purchase-money notes recorded in Mortgage Book 46, page 346, in the probate office of De Kalb county, now owned by the original mortgagee, J. R. Hardeman." Hardeman also testified that he bought the land back in satisfaction of the mortgage. On January 15, 1917, said Hardeman pasted on said mortgage record, between pages 346 and 347, a slip containing a certificate that the mortgage in question "is satisfied in full under date of January 10, 1917." On Jan-

uary 13, 1917, Hardeman conveyed said land to one J. G. Hardeman, but bought it back and received a reconveyance from him. Thereafter, on February 7, 1919, J. R. Hardeman sold and conveyed the land for a valuable consideration to W. E. Kemp, defendant herein, by deed recorded March 3, 1919. There is no evidence tending to show that Kemp had any knowledge or notice of the transfer of said note to Hand, or of the foreclosure by Hand, or of any claim to the land by said Hand.

The plaintiff, Hand, exhibits a claim of title as follows: First, as transferee of said mortgage note after default in its payment, he advertised the mortgaged land for sale and foreclosed for the satisfaction of said note under the powers contained in the mortgage; second, the foreclosure sale on January 15, 1915, he becoming the purchaser thereof for $304, receiving a deed therefor executed by John B. Isbell, as auctioneer, on November 13, 1919, which was recorded on the same day. On these facts the court directed a verdict for the defendant, and there was verdict and judgment accordingly.

Isbell & Scott, of Ft. Payne, for appellant.

As transferee of one of the secured notes, plaintiff had a right to be paid first out of the mortgaged property, and was entitled to foreclose upon default under the powers therein. 121 Ala. 410, 25 South. 992, 77 Am. St. Rep. 64; 200 Ala. 579, 76 South. 938; 75 Ala. 383. The foreclosure sale was regular and valid. 50 Ala. 198; 57 Ala. 257.

Street & Bradford, of Guntersville, for appellee.

The notes were nonnegotiable. 192 Ala. 235, 68 South. 874; 8 C. J. 130. Having no notice of the transfer, Haygood had the right to redeem the land to Hardeman in satisfaction of the mortgage debt. 100 Ala. 438, 14 South. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70; 4 Ala. 452.

SOMERVILLE, J. [1] Under the conditions shown by the record, the plaintiff, as transferee of a nonnegotiable note secured by mortgage, was entitled to foreclose the mortgage so soon as it was in default, and his note was entitled to priority of payment as against the other notes retained by the mortgagee. Knight v. Ray, 75 Ala. 383; Brewer v. Atkeison, 121 Ala. 410, 25 South. 992, 77 Am. St. Rep. 64.

[2] But, since the note was nonnegotiable, being for the payment of cotton only, the maker—the mortgagor—was entitled to notice of its transfer; and if, without such notice, he paid the note and discharged his obligation to the mortgagee, that payment was binding on the transferee, and effectually barred his right to proceed against the maker. Hart v. Freeman, 42 Ala. 568; Vann v. Marbury, 100 Ala. 438, 442, 14 South. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70.

[3] The evidence shows without dispute that the maker, Haygood, had no notice of the transfer of one of his notes to the plaintiff, Hand, and, further, that he satisfied his entire mortgage obligation, including all of the secured notes, by reconveying the mortgaged property to the mortgagee, who thereupon entered a satisfaction of the mortgage on the mortgage record. This was, of course, a fraud on the transferee, Hand. But since the mortgagee was the only proper person to receive payment, so far as the record showed, and since he was ostensibly clothed with the authority, and burdened with the duty, of entering satisfaction of record, any third person who might buy the land in reliance upon that entry, and without notice of the outstanding transferred note, would unquestionably be protected against the claim of the transferee, as he would against any other outstanding secret equity. Vann v. Marbury, 100 Ala. 438, 445, 14 South. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70; Ogle v. Turpin, 102 Ill. 148. Had the note been a negotiable instrument, it might have been incumbent on a subsequent purchaser to inquire whether the note had been transferred, as observed in Vann v. Marbury, 100 Ala. 445, 14 South. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70.

[4] As against the mortgagee, Hardeman, it may, of course, be conceded that, when the land was reconveyed to him by the mortgagor, it remained subject to the lien of the note in the hands of the transferee, whose claim could not be defeated by Hardeman's entry of satisfaction. So, also, the lien would have been enforceable against the land in the hands of any subsequent purchaser from Hardeman, who was chargeable with notice of its existence. Vann v. Marbury, 100 Ala. 446, 14 South. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70. But, as against a bona fide purchaser for value from Hardeman (and this defendant is shown to have been such a purchaser), such an equity cannot be asserted. And, if it be conceded that the equity could have been, and was, converted into a legal estate by the process of mortgage foreclosure, as affected by Hand, his failure to place on the record some evidence of his acquired title, which would carry constructive notice to a subsequent purchaser, is clearly a bar to his assertion of title against any purchaser for value who has no actual notice thereof.

As a matter of law, therefore, plaintiff was not entitled to recover against this defendant, whatever remedy he may have against Hardeman, and the instructions and rulings of the trial court were free from error. The several assignments of error relating to rulings on the evidence are not argued in brief, and must be treated as waived.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.