IRVIN v. CITIZENS' BANK OF HATTIESBURG, MISS., et al.   (8 Div. 503.)

(Supreme Court of Alabama.   April 12, 1923.)

1. Mortgages ⬯244(1) — Assignees of notes secured by mortgages have priority of payment in order of assignment.

The assignment of notes secured by mortgage is pro tanto an assignment of the mortgage security and assignees have priority of payment out of the fund produced by the mortgage in the order in which the assignments are made, and not according to the maturity of the notes.

2. Mortgages ⬯244(1)—Rights of assignee of note held postponed by agreement to rights of assignee of notes thereafter assigned.

Where land was sold, part of the purchase price being represented by notes secured by mortgage on the land, and one of the notes was turned over to the broker procuring the sale as his commission, the broker then agreeing that such note should be paid after payment of the other notes secured by the purchase-money mortgage, and such other notes were thereafter assigned to a bank, the agreement with the broker was valid as between the parties and operated to the exclusion of the rule that assignees of notes are entitled to priority of payment in the order in which assignments are made.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by M. F. Irvin against A. B. Brookshire and the Citizens' Bank of Hatticsburg, Miss., to establish a lien on lands. From the decree rendered, complainant appeals. Affirmed.

John A. Lusk & Son, of Guntersville, for appellant.

The assignment of notes is pro tanto the assignment of the mortgage securing same,

and assignees are entitled to priority of payment in the order in which assignments were made, not according to time of maturity of the notes. Cullum v. Erwin, 4 Ala. 452; Nelson v. Dunn, 15 Ala. 517; Kelly v. Payne, 18 Ala. 373; Griggsby v. Hair, 25 Ala. 331; Roper v. Day, 48 Ala. 509; Ala. Gold L. I. Co. v. Hall, 58 Ala. 1; Preston v. Ellington, 74 Ala. 139; Prickett v. Sibert, 75 Ala. 319; Brewer v. Atkeison, 121 Ala. 410, 25 South. 992, 77 Am. St. Rep. 64; Farmers' Sav. Bank v. Murphree, 200 Ala. 574, 76 South. 932.

C. B. Kennamer, of Guntersville, for appellees.

Complainant does not claim under the note for $1,400 originally assigned to him, but under a note for $1,200, the acceptance of which latter note effected a complete novation.

SAYRE, J. Irvin was a real estate broker, and through him Brookshire negotiated a sale of his land to Smith. This was done in pursuance of an agreement between Brookshire and Irvin that the former was to get $7,000 net, for his land, the latter was to be compensated for his services by whatever sum above $7,000 he could get the purchaser to pay. Smith agreed to pay $8,400, $2,000 being paid in cash, the balance being secured by four promissory notes payable as follows: $1,666.66 due January, 1921; $1,666.66 due January, 1922; $1,666.66 due January, 1923; $1,400 due January, 1924. These notes all payable to Brookshire were secured by a mortgage on the land. The note for $1,400 was on the day of its date, October 4, 1919, transferred to Irvin in payment for his services in negotiating the sale. The evidence with reasonable certainty establishes the fact that the understanding and agreement between Brookshire and Irvin was that the former was first to have his purchase money. November 15, 1920, Brookshire, for value, transferred the three $1,666.66 notes to the Citizens' Bank of Hattiesburg, Miss. In April, 1921, Brookshire, without the knowledge or consent of the bank, undertook to foreclose the mortgage and to purchase for himself at the price of $4,000, and executed a deed to himself, Irvin joining. The deed of foreclosure contained, however, the following recital:

"But a vendor's lien is hereby expressly reserved to the said Irvin on said lands until the note executed by the said A. B. Brookshire to the said Irvin, on this day, for $1,200.00, is fully paid."

The note for $1,200 thus referred to had origin as follows: On the day of the so-called foreclosure Brookshire and Irvin agreed in writing that Brookshire was to purchase at his own price, out of which Irvin was to have $1,200, for which note was to be given and secured by a vendor's lien as recited in the foreclosure deed. Irvin filed the original bill in this cause praying a decree declaring a lien in his favor superior to that of Brookshire or the bank, and that the land be sold for its satisfaction. By its answer and cross-bill the bank asserted the superiority of its lien and prayed a sale for its satisfaction. Decree was rendered agreeably with the bank's contention, and Irvin appeals.

[1, 2] It is not to be denied that, in general, the assignment of notes secured by mortgage is pro tanto an assignment of the mortgage security, and that assignees are entitled to priority of payment out of the fund produced by the mortgage in the order in which the assignments are made, and not according to the maturity of the notes. This has been frequently decided by this court. Cullum v. Erwin, 4 Ala. 452; Nelson v. Dunn, 15 Ala. 517; Griggsby v. Hair, 25 Ala. 331; Alabama Gold Life Ins. Co. v. Hall, 58 Ala. 1; Preston v. Ellington, 74 Ala. 139; Brewer v. Atkeison, 121 Ala. 410, 25 South. 992, 77 Am. St. Rep. 64; Farmers' Savings Bank v. Murphree, 200 Ala. 574, 76 South. 932. We have stated what was done by and between Brookshire and Irvin about the foreclosure of the mortgage and the substitution of a note for the one originally assigned to Irvin, but it is obvious that this had no effect for better or worse upon the rights of the bank, which are to be determined as of the date of the previous assignments to it. True, the assignment to Irvin antedated the assignment to the bank; but we have stated the agreement between Brookshire and Irvin, assignor and assignee, that the collection of the note assigned to Irvin should be postponed to the notes which were afterwards assigned to the bank. This agreement it was competent for the parties to make, and, having been made, operated to the exclusion of the rule which the law applies in the absence of agreement (Kelly v. Payne, 18 Ala. 371), and we perceive no sufficient reason why it should not be made effectual in favor of the bank, who took what right Brookshire could assign, as against Irvin, who was a party to it from its inception.

The chancellor so decreed, and we think his decree should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.