## COLLINS et al. v. FORMAN et al.

4 Div. 821.

Supreme Court of Alabama.

May 9, 1935.

Mulkey & Mulkey, of Geneva, for appellants.

G. A. Ward, of Geneva, for appellees.

KNIGHT, Justice.

Bill in equity to foreclose a mortgage by the assignees of a part of the indebtedness secured by the mortgage.

It is made to appear from the bill that W. A. Collins, and husband, J. S. Collins, borrowed of the defendant George M. Forman & Co. the sum of $15,000, executing in evidence thereof their certain promissory notes, covering both principal and interest. To secure the payment of this indebtedness, the said W. A. Collins, and husband, executed a mortgage deed; that, at the instance and request of the said George M. Forman & Co., the said notes and mortgage were made payable to Charles Forman, acting as agent merely of George M. Forman & Co., the real owner of said notes and mortgage.

That, after the execution of said notes and mortgage, the same were "sold, transferred, assigned and set over to the defendant, North American Life Insurance Company, by the said Charles Forman and George M. Forman and Company."

That the complainants, on or about the 10th day of January, 1929, purchased from the defendant North American Life Insurance Company one of the notes secured by said mortgage, the principal sum named in said note being $1,050, and the note was thereupon "assigned, transferred and endorsed" to complainants by the said North American Life Insurance Company.

That thereafter the complainant Herbert C. Collins "entered into an agreement with the said North American Life Insurance Company, through its agent the said George M. Forman and Company, for the purchase of another of the notes secured by the said mortgage, in the principal sum of one thousand ($1,000.00) dollars, due November 1st, 1928, and bearing interest at the rate of eight per cent. per annum, the said Herbert C. Collins at this time paying the said defendant the sum of five hundred ($500.00) dollars, with the understanding that he was to be assigned a pro rata share or interest in said note, and that upon the payment by him of the full amount due thereon the said note was

to be assigned to him without recourse upon the said North American Life Insurance Company." In the bill, the said complainants offer to pay the balance due on said note.

It further appears from the bill that in the year 1931, the said W. A. Collins and J. S. Collins, being unable to pay the said mortgage indebtedness, it was agreed between them and the North American Life Insurance Company that the mortgagors would convey said lands to the said defendant, "or any person it might designate, the full consideration of the deed to be the discharge of said mortgage indebtedness in full." That accordingly, pursuant to said agreement, on March 9, 1931, the mortgagors conveyed the said lands to the defendant T. E. Rooney, the said Rooney being the person designated by the North American Life Insurance Company to whom the conveyance should be made, and in so taking title to the said land, the said Rooney was acting merely as the agent of the said North American Life Insurance Company.

It is averred that said mortgage has never been foreclosed; that the lands conveyed thereby are charged with the payment of the said amounts due complainants, and which constituted a part of the indebtedness secured by said mortgage; that the indebtedness due complainants remains unpaid; and that they "are entitled, by virtue of being the owners and holders of said notes, or by virtue of having paid the same to have said mortgage foreclosed, and the proceeds to the extent of the amount named, paid to them."

To the bill, and to the bill as last amended, the respondents T. E. Rooney and the North American Life Insurance Company demurred, assigning two grounds of demurrer: (1) "There is no equity in the bill of complaint; and (2) misjoinder of parties plaintiff, it affirmatively appearing in the bill of complaint, that the parties plaintiff are not entitled to the same relief, if entitled to relief at all."

The court sustained the said respondents' demurrers, and in his decree stated the conclusion inducing his action as follows: "Upon consideration, the court is of the opinion that the demurrers are well taken, and that the bill of complaint is without equity. The averments of the bill of complaint merely show a purchase of some of the notes from the assignee of the mortgage, without any reference to the lien of the mortgage."

In this conclusion we cannot agree.

By a long line of decisions of this court, it is settled that the transfer of one of several notes secured by mortgage clothes the transferee with the right to be first paid. Cullum v. Erwin, 4 Ala. 452; Nelson v. Dunn, 15 Ala. 501, 517; Griggsby v. Hair, 25 Ala. 327, 331; Alabama Gold Life Ins. Co. v. Hall, 58 Ala. 1; Knight v. Ray, 75 Ala. 383; Preston v. Ellington, 74 Ala. 133; Brewer v. Atkeison, 121 Ala. 410, 412, 25 So. 992, 993, 77 Am. St. Rep. 64; Farmers' Savings Bank v. Murphree, 200 Ala. 574, 76 So. 932, 933; Hand v. Kemp. 207 Ala. 309, 92 So. 897; Irvin v. Citizens' Bank of Hattiesburg, Miss., 209 Ala. 211, 95 So. 897.

In the case of Brewer v. Atkeison, supra, it was held: "The principle underlying this and our other decisions to the same effect is, that an assignment by the mortgagee of one of the mortgage notes operates as an assignment pro tanto of the lien upon the lands, and entitles the assignee to payment in priority of the note retained by the mortgagee out of the funds arising out of the mortgaged property—the lien extending through the property mortgaged, to the money for which it may have been sold."

In the case of Farmers' Savings Bank v. Murphree, supra, it was observed: "By his transfer of one of the mortgage notes to appellant bank the mortgagee, Murphree, not only gave to it priority in its satisfaction out of the mortgage security, but he also armed the transferee with the right and power to proceed to a foreclosure of the mortgage, pursuant to its powers, for such satisfaction."

By the terms of the statute the power of sale in a mortgage is made a part of the security for the mortgage debt, and may be executed by any person who, by assignment or otherwise, becomes entitled to the money so secured. Hartley v. Matthews, 96 Ala. 224, 11 So. 452.

In the case of Hand v. Kemp, supra, it was held that a transferee of a note secured by a mortgage was entitled to foreclose the mortgage so soon as it was in default, and his note was entitled to priority of payment as against the other notes retained by the mortgagee. In that case the court held that, as against the mortgagee, when the land was reconveyed to him by the mortgagor, it remained subject to the lien of the note in the hands of the transferee, whose claim could not be defeated by the mortgagee's entry of satisfaction. The court also held that the lien could be enforced against the land in the hands of any subsequent purchaser from Hardeman, who was chargeable with notice of its existence.

The bill contained equity.

There is no merit in the second ground of demurrer. Code, § 6526; Forcheimer v. Foster, 192 Ala. 218, 222, 68 So. 879, 880; Truss v. Miller, 116 Ala. 494, 22 So. 863; Bolman v. Lohman, 74 Ala. 507; ·Wade v. Robinson, 216 Ala. 383, 113 So. 246; Wilson v. First National Bank, 209 Ala. 70, 95 So. 340; Glass v. Stamps, 213 Ala. 95, 104 So. 237.

It follows, therefore, that the decree of the circuit court sustaining the demurrers to the bill as amended, and in dismissing the bill, must be reversed, and a decree will be here entered overruling the demurrers to the bill as amended, and reinstating the cause on the docket.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.