185 So. 375

**NORTH AMERICAN LIFE INS. CO. OF CHICAGO v. COLLINS et al.**

**4 Div. 60.**

Supreme Court of Alabama.

Dec. 22, 1938.

G. A. Ward, of Geneva, for appellant.

Mulkey & Mulkey, of Geneva, for appellees.

BOULDIN, Justice.

In Collins v. Forman et al., 230 Ala. 370, 161 So. 238, we upheld the equity of the bill in this cause.

We refer to that opinion for a full statement of the case made by the bill.

The governing equitable principles declared applicable, briefly stated, were,

that an assignment by a mortgagee of one of a series of notes evidencing the indebtedness secured by a real estate mortgage passes the security pro tanto to the assignee, that the assignee takes priority over that of the mortgagee as regards notes still held by him, and that a subsequent conveyance of the lands by mortgagor to mortgagee in satisfaction of the mortgage debt does not affect the security of the assignee, who is still entitled to foreclose the mortgage. No further discussion of these announcements need be had, nor authority cited.

Following that decision respondent, the present appellant, answered. The issues raised in pleading and evidence, and here argued are, first: That the note for $1050 claimed by the three daughters of the mortgagor as assignees was paid off and satisfied, and any subsequent assignment was a nullity; and the subsequent payment by the son of the mortgagor of $500 on another note for $1000 was a payment. Second: The assignment of the $1050 note, if effective, stipulated that this note in the hands of the assignees should be subordinated to the later maturing notes held by the mortgagee, who should be first paid; and that the part payment by the son, who represented his sisters as well as the mortgagors in the various transactions, was subject to like conditions.

Without going into detail, the evidence, including correspondence, without substantial conflict, discloses that at the time the daughters furnished the money to take over the note, their father and mother being unable to pay, it was understood and agreed between them and the representative of appellant having the collection in hand, that the note should be assigned to them, which fact was made known to appellant by its representative, and, thereupon, the assignment was made. The note was lost at some point in course of delivery to the assignees.

As for the pro tanto assignment of the $1000 note to the son, the check remitting the $500 stipulated that he was to be assigned a pro rata interest in the note, and the note should be assigned, if and when he paid the same in full.

While these children were primarily interested in protecting the mortgagors, their father and mother, against losing their lands at the time, it is clear enough that the method employed was to take an assignment of the notes.

Defendant offered evidence tending to support the insistence that when the $1050 note was assigned at its head-office pursuant to instructions from its local representative the assignment stipulated the note was subordinated to later maturing notes. A careful reading of this evidence discloses no definite knowledge nor recollection of the matter, but an inference or conclusion based on a course of business usually followed in such cases.

■ It must be noted, however, that no subordinating conditions accompanied the transaction at this end of the line, and none were communicated to appellant when the assignment was made and the assigned note forwarded for delivery to the assignees. Such conditions would not be binding on the assignees unless communicated to and accepted by them. This does not appear, but the contrary.

■■ As for the remittance by the son, the stipulation on the check received, accepted and indorsed became the contract. Whatever may have been the notions of appellant as to the legal effect of these transactions, it is chargeable with knowledge of the equities arising therefrom. Some question is raised as to the authority of the local representative of appellant to assign notes. However this may be, appellant cannot accept and hold the fruits of the deal and repudiate its obligation. When advised of the facts, it was incumbent on appellant to disown the deal and return the money. Otherwise, it was ratified.

That these children were to have the status of ordinary assignees is impliedly indicated by the following stipulation in the deed later executed by the mortgagors in lieu of foreclosure, namely:

"It is agreed and understood by and between the parties hereto that the grantee herein assumes and is to pay a certain mortgage indebtedness under those certain mortgages executed by the grantors herein to Charles Forman under date of May 6th, 1922, and recorded in Mortgage Book 148 at Page 179, and Mortgage Book 148, Page 447."

The mortgagors had become convinced they could not carry and pay off the mortgage. This deed was made to one designated to receive title for the benefit of the mortgagee.

But for these assigned notes the deed would naturally have shown it was made

in satisfaction of the mortgage debt. Instead, it imposes an obligation to pay the mortgage debt, which, in the circumstances, could only mean these assigned notes.

We conclude the decree foreclosing the mortgage on behalf of the assignees was without error.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.