## Williams v. Cooper.

*Bill in equity by wife to cancel mortgage given on her lands to secure debt of the husband.*

1. *Bill to cancel mortgage as invalid, and to redeem if anything should be found due, is multifarious.*—Where a bill filed by the wife avers that she joined with her husband in a mortgage of her lands to pay his debt, and in the alternative, that if mistaken as to the debt being wholly her husband's, then so far as she was liable for said debt it was paid, and praying that the mortgage be cancelled as a cloud on her title, and for an accounting, if complainant was mistakan as to the liability being fully discharged, and that she be let in to redeem, is multifarious.

2. *Bill to cancel mortgage as fully paid, and to redeem if anything is found due on an accounting, is not multifarious.*—A bill is not multifarious which seeks the cancellation of a mortgage upon the ground that the mortgage debt has been fully paid, and which prays in the alternative, to be let in to redeem if anything should be found due upon the statement of an account.

APPEAL from the chancery court of Pike.
Heard before the Hon. JERRE N. WILLIAMS.

The bill in this case was filed by the appellee, Nancy Cooper, against the appellant, R. J. Williams. The averments of the bill are sufficiently set forth in the opinion. The respondent demurred to the bill on the ground that it was multifarious. On the submission of

the cause on this demurrer, the chancellor decreed that the demurrer was not well taken, and overruled it. The respondent appeals from that interlocutory decree, and assigns the same as error.

PARKS & HARMON for the appellant.—It is clear that the bill in the outset charges that the mortgage is void and seeks a cancellation of the same, for the reason that the whole amount of the debt thereby secured is the debt of her husband, and in the same bill complainant sets up that the debt is usurious, and seeks a reference and accounting, for the purpose of redeeming, and the relief sought in the two aspects of the bill, are inconsistent and contradictory.—*Tatum Brothers v. Walker*, 77 Ala., 563; *Micou v. Ashurst*, 55 Ala., 607; *Caldwell v. King*, 76 Ala., 155; *Williams, Deaton & Co. v. Jones*, 79 Ala., 119. See authorities cited in the case of *Tatum Brothers v. Walker*, 77 Ala., 566; *Globe Iron R. & Corrugating Co. v. Thatcher*, 87 Ala., 464.

HUBBARD, WILKERSON & HUBBARD for the appellee. This case comes within the rule declared in *Tipton v. Wortham*, 93 Ala., 321; *Hadley v. Matthews*, 96 Ala., 224; *Dickerson v. Winslow*, 97 Ala., 494. The cases relied on by appellant, each on examination, involves fraud or deceit.

COLEMAN, J.—It is averred in the bill that appellee became bound as surety for her husband, and mortgaged her real estate to secure the payment of his debt. In the alternative it is averred, that, if she is mistaken in the statement, that the debt was wholly that of her husband, for no part of which she was bound as his surety, then so far as she may have been liable for said debt, the same had been paid. Upon these averments the prayer of the bill is that the mortgage be cancelled as a cloud upon her title. The bill further avers, that if she is mistaken in the statement that her liability has been fully discharged, she prays for an account, and to be let in to redeem.

The bill was demurred to upon the ground that it was multifarious. By section 2349 of the Code it is provided that "the wife shall not directly or indirectly become the surety for the husband."—*Pauline McNeil v.*

*Jno T. Davis, et al.* 17 So. Rep. 101. The facts averred upon which relief is prayed, are wholly inconsistent with each other. In the one case if the facts are as stated, the mortgage is invalid, and was never binding upon the complainant. In the other, the mortgage constituted a valid conveyance, which complainant has either discharged, or is willing to discharge, and to redeem the land from under it. The one rests upon the invalidity of the mortgage, and the other upon its validity. The decisions of this court have been uniform, that such a bill is multifarious and subject to demurrer.—*Micou v. Ashurst*, 55 Ala., 607; *Tatum Bros v. Walker*, 77 Ala., 563; *Caldwell v. King*, 76 Ala., 149; *Williams, Deacon & Co. v. Jones.*, 79 Ala., 119; *Cramer v. Watson*, 73 Ala., 127.

The cases relied upon by appellee, are cases where the complainant recognized the validity of the conveyance, and averred payment, or in the alternative, a willingness and offer to do equity, if anything was found to be due upon a statement of account. A bill is not multifarious which seeks the cancellation of a mortgage upon the ground that the mortgage debt has been fully paid, or which prays in the alternative to be let in to redeem, if anything should be found to be due upon the statement of an account.—*Tipton v. Wortham*, 93 Ala., 321.; *Askew v. Sanders*, 84 Ala., 356; *Dickson v. Winslow*, 97 Ala., 48; *Hartley v. Matthews*, 96 Ala., 226.

Reversed and remanded.

