# Williams, et al. v. Neal, et al.

## Bill to Abate Purchase Price on Account of Fraud and Misrepresentation.

(Decided July 2, 1907.—44 South. 551.)

*Vendor and Purchaser; Misrepresentation; Quality and Quantity of Land; Right of Purchasers.*—Although complainants were induced to purchase the land by fraud and misrepresentation as to the quality and quantity of the land, made by respondents, complainants cannot maintain a bill for the abatement of the purchase price, since they still owe a part of the purchase money and have an adequate remedy at law by setoff under section 3728, Code 1896.

APPEAL from Pike Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by George Neal and others against W. L. Williams and others, to abate the purchase price of certain land on account of fraud and misrepresentation as to the quality. From a decree overruling demurrers to the bill, respondents appeal. Reversed and rendered.

BRANNEN & GARDNER, and J. M. CHILTON, for appellant.—The land was not sold at so much per acre but it

was a sale in gross.—*Norwood v. Washington,* 136 Ala. 657. When complainant discovered the fraud it was their duty to act promptly and not to continue inactive, sawing the lumber from the land in the mere "hope" that the same would turn out right.—*Garrett v. Lynch,* 45 Ala. 204; *Coal Co. v. Neal,* 87 Ala. 158; *Orendorf v. Tallman,* 94 Ala. 441; *Lockwood v. Fitts,* 90 Ala. 150. It is indispensable that the insolvency of the vendor should have been alleged.—*Tobin v. Bell,* 61 Ala. 125; *Banks v. Walker,* 54 Ala. 117. The entire compensation not having been paid, complainants had an adequate remedy at law by set-off.

FOSTER, SAMFORD & CARROLL, for appellee.—This is a case where the respondents sold certain property upon a representation as to its quality and they are under the necessity of making the representation good without regard to the contract price.—*Foster v. Rogers,* 2 Ala. 606; *Caldwell v. Sawyer,* 30 Ala. 283; *Stoudenmire v. Williamson,* 29 Ala. 558; *Rowland v. Shelton,* 25 Ala. 217; *Willis v. Dudley,* 10 Ala. 933; *Snodgrass v. Reynolds,* 79 Ala. 452. Where a purchaser has gone into possession under a deed with covenant of warranty, he may resist the payment of the purchase price for a want of title where there was a fraud in the sale, or the vendor is insolvent.—*Thompson v. Shepherd,* 85 Ala. 611; *Frank v. Rigg,* 93 Ala. 252; *Coleman v. First National Bank,* 115 Ala. 307; *Rice v. Littlejohn,* 116 Ala. 276.

HARALSON, J.—This bill was filed by the complainants, Neal and McElvey, purchasers of land under a written contract of sale and purchase, which contract is made an exhibit to the bill and seeks an abatement of the purchase price unpaid, and, as incident thereto, a specified performance of the contract of sale, on the ground

of fraud and misrepresentation in the sale in respect to the quantity and quality of the land agreed to be sold.

The phase of the bill which seeks a specific performance of the contract is not urged or insisted on in argument of counsel for complainants, the appellees, nor do we see that there is room for such an insistence, as the contract is assailed on account of misrepresentation and fraud on the part of the sellers. Counsel say in brief, "We do not rely for abatement of the purchase money on ground of a breach of the warranty contained in the contract; but on ground of actual fraud alleged to have entered into the transaction" and this is the burden of their argument without reference to a specific performance of the contract. This relief, as stated, is brought forward merely as an incident to the relief sought for an abatement of the purchase money, on account of misrepresentation and fraud as to the quantity, more especially, and the quality of the land. If this phase were entertained, then they insist upon the other. We may, therefore, confine ourselves to a consideration of this latter ground as a basis for relief.

The case is thus brought within the narrow limits, of a consideration of the question whether the bill for an abatement of the purchase price of the lands for the alleged deficiency as to quality and quantity sold, on account of misrepresentation and fraud of the vendors in reference thereto, can be maintained.

A ground of demurrer to the bill, among other grounds was, that "said bill fails to show that complainants have not an adequate remedy at law."

The case of *Bell v. Thompson*, 34 Ala. 633, many times approved in this court, seems to settle this question. It was there said: "Under the Code (section 2240 —the set-off statute) the claim of the complainant, for an abatement of the purchase-money, or for damages on account of such misrepresentations, may be allowed as a

set-off in the action at law; or it may be recovered in an independent suit at law against the vendor.—*Holley v. Younge,* 27 Ala. 203; *Gibson v. Marquis,* 29 Ala. 668; *Munroe v. Pritchett,* 16 Ala. 785, 50 Am. Dec. 203.

"It is a well-settled doctrine of this Court, that a court of equity will not take jurisdiction of a case, upon the mere ground that the complainant is entitled to compensation on account of a deficiency of the land sold, or to damages for the fraudulent misrepresentations of the vendor, either as to its quantity or quality. Such a claim, though well founded, is not recognized as an independent ground of equitable relief, and will not be enforced by a court of chancery except as an incident to some other matter of equitable cognizance, or in a case where the remedy at law is inadequate, or where some peculiar equity in favor of complainant arises out of the circumstances of the case," etc.

In *Smith's Ex'r v. Cockrell,* 66 Ala. 77, it was said: "Fraud of itself is never a distinctive ground of equity jurisdiction; that is, it is never, of itself, a foundation which will uphold a bill in equity. On the contrary, fraud is, in many cases, cognizable in a court of law."— Story's Eq. Jur. 60.

In *Sadler v. Robinson,* 2 Stew. 520, this court said: "On what ground, then, the appellees ask the interposition of a court of equity, we are unable to comprehend. It cannot be because they charge their vendor with fraud, for every circumstance alleged as fraudulent, could it avail them, is fully examinable at law. * * * No matter how gross the fraud may be, if the party can have full, complete and adequate redress at law, he cannot go into a court of equity.—*Russell v. Little,* 28 Ala. 160."

We have recently gone over this question in the case of *Wilson v. Miller,* 143 Ala. 264, 39 South. 178, 111 Am.

[Williams, et al. v. Neal. et al.]

St. Rep. 42, in which the majority of the court adopted the view maintained by the court in *Smith v. Cockrell, supra,* and from which we have no reason now to dissent.

In the case in hand, the damages sought to be abated from the purchase price of the land, are especially stated in amounts. It appears that a large part of the purchase price for the lands remains unpaid, for which the purchasers gave their notes, both as to the principal and the accruing interest. If they decline to pay this balance, and are sued at law by their vendors of the land, then damages for a deficiency in quantity or quality of the land, based on the alleged misrepresentation and fraud of the vendors, may be litigated and settled, so far as appears, as well in a court of law as in the equity court.

It follows that the demurrers to the bill should have been sustained and not overruled.

The decree of the chancery court must be reversed, and one will be here rendered, sustaining the demurrer to the bill.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.