# Neal, *et al. v.* Williams, *et al.*

*Specific Performance.*

(Decided Feb. 2, 1910.   Rehearing denied June 30, 1910.
53 South. 94.)

1. *Specific Performance; Pleading; Bill; Sufficiency.*—Where the bill showed that complainants were induced to purchase certain lands by the fraud and misrepresentation of the respondent, that complainants were in possession and made improvements, and that they were still indebted for part of the purchase price, and that by the terms of the contract the respondents might annul the contract upon refusal of the complainant to pay the balance of the purchase money, and the bill prayed for the specific performance of the contract, and for an abatement of the purchase price as ancillary to the relief of specific performance, the bill was not open to the objection of a departure or for repugnancy, and was not demurrable even conceding that the complainants might have had an action at law to recover the money paid.

2. *Equity; Pleading; Amendment; Departure.*—Where the bill sought specific performance of a contract to convey, and abatement of the purchase price, on the ground of fraud and misrepresentation in the sale and it appeared that complainants were still indebted for part of the purchase price, an amendment to the bill whereby it was made to appear that by the terms of the contract the respondents might annul the contract upon the refusal of complainants to pay such balance, and whereby the matters in abatement were merely ancillary to the relief sought by way of specific performance, such an amendment did not constitute a departure.

[Neal, et al. v. Williams, et al.]

APPEAL from Pike Chancery Court.

Heard before Hon. A. H. ALSTON.

Bill by George Neal and another against M. E. Williams and another for specific performance, and as ancillary thereto for an abatement of the purchase price on account of fraud and misrepresentation in the sale. From a decree sustaining demurrers to the bill complainants appeal. Reversed and remanded.

FOSTER, SAMFORD & CARROLL, for appellant. When a person sells to another any property of any kind or character and represents it to be one thing, he must make the representation good to the extent of making the property sold worth as much as it would have been had it been as represented.—*Stoudenmeir v. Williamson*, 29 Ala. 558; *Caldwell v. Sawyer*, 30 Ala. 385; *Foster v. Rodgers*, 27 Ala. 602. The doctrine of waiver does not apply.—*Coleman v. The Bank*, 115 Ala. 312; 2 Pom. Eq. sec. 965; 14 A. & E. Enc. of Law, 170. Counsel insist that the amendment did not constitute a departure and that the bill was not repugnant.

E. R. BRANNEN, and J. M. CHILTON, for appellee. As amended the bill is a departure from the original bill. *Winston v. Mitchell*, 93 Ala. 554; *Caldwell v. King*, 76 Ala. 149; *Ward v. Patton*, 75 Ala. 202; *Penn v. Spence*, 54 Ala. 351. Amendments which would work a departure cannot be allowed.—*Moore v. Algiers*, 54 Ala. 356; *Marshall v. Oldes*, 86 Ala. 296. Another test is whether the same defenses would be applicable to the amended bill as to the original.—*Park v. Lyde*, 90 Ala. 246; *Rapier v. Gulf City*, 69 Ala. 476, and authorities supra. The bill was repugnant.—*Gardner v. Knight*, 124 Ala. 273. The bill fails to show that complainant has sustained any damage from the alleged fraud.—*Dozier v.*

*Duffey,* 1 Ala. 320; *Frederick v. Youngblood,* 19 Ala. 680. The bill shows that complainants have waived the fraud charged therein.—*Edwards v. Roberts,* 7 S. & M. 544; *Pearsall v. Chaplin,* 44 Penn. 9. The sale was not at so much per acre, but was a sale of so much land for a certain sum of money in gross.—*Norwood v. Washington,* 136 Ala. 657. The complainants did not act promptly on the discovery of the fraud.—*Lockwood v. Fitts,* 90 Ala. 150; *Orendorff v. Tallman,* 94 Ala. 441; *Coal Co. v. Neal,* 87 Ala. 158.

DOWDELL, C. J.—On the first appeal in this case, taken from the decree of the chancellor overruling a motion to dismiss the bill for want of equity, it was held that the bill was not without equity, when considered as amended, on a motion to dismiss, as the rule required, and the decree appealed from was affirmed.— *Williams v. Neill,* 147 Ala. 691, 40 South. 943. On the second appeal, which was prosecuted from a decree on demurrer to the bill, it was held that the bill was subject to demurrer, and the decree was reversed, and the cause remanded.—152 Ala. 435, 44 South. 551. After remandment of the cause, the bill was amended, and, as amended, again demurred to; and from the decree sustaining the demurrer the present appeal is prosecuted.

By the amendment the bill is constituted one primarily for the specific performance of a contract; and the question of the abatement of the purchase money price of the land, on the ground of actual fraud, is made ancillary thereto. The bill as amended fully met the objections and defects pointed out by this court in the opinion on the second appeal.—152 Ala. 435, 44 South. 551. Under the averments of the bill as amended, it is plainly shown that the complainants are without a rem-

edy at law as to the abatement of the purchase price of the land as a defense at law in an action by the respondents. The terms of the contract, upon the refusal of the complainants to pay the balance of the purchase money, left it optional with the respondents in the bill to annul the contract, thereby enabling them to hold the land, and at the same time retain the money already paid them by the complainant. The bill as amended, and praying for a specific performance and to have abatement of purchase price, on the facts alleged, was not subject to any of the grounds of demurrer assigned.—*Bell v. Thompson,* 34 Ala. 633; Pomeroy on Contracts (2d Ed.) §§ 438, 449. Conceding that the complainants might have had their action at law to recover the money paid, on the grounds alleged, the bill as amended, as we have already said, was one for the specific performance of the contract, and as such contained equity; and the court, having acquired jurisdiction for one purpose, will assume it for all purposes necessary to the ends of full and complete justice.

Clearly, to our minds, the bill as amended is not a departure from the original bill, nor is it open to the objection of repugnancy. Our conclusion is that the chancellor erred in sustaining the demurrer; and his decree will be reversed, and one here rendered overruling the demurrer.

Reversed, rendered, and remanded.

McClellan, Mayfield, and Sayre, JJ., concur.