139 So. 215

## PARKER v. WARD et al.

### 6 Div. 925.

Supreme Court of Alabama.
Jan. 14, 1932.

Harsh & Harsh and D. M. Griswold, all of Birmingham, for appellant.

Herbert J. Ward, of Birmingham, for appellees.

**FOSTER, J.**

The bill was filed by the widow to whom and to her minor child the real estate was set apart as a homestead, by which the title vested in them. The minor later conveyed her interest to complainant. Deceased had purchased it from respondents, and he and complainant had executed a mortgage to them to secure the balance of the purchase money. The law day had passed, and no foreclosure of it is alleged. She therefore clearly possessed the equity of redemption at the time she filed this bill. Butts v. Broughton, 72 Ala. 294; McGough v. Sweetser, 97 Ala. 361, 12 So. 162, 19 L. R. A. 470.

The bill alleged that in making the sale respondents made certain fraudulent and false representations as to the location and width of an adjoining street not then opened, that the purchaser was ignorant of the truth, but relied and acted upon the representations and was thereby induced to purchase the property; that the property was greatly less in value than it would have been had the representations been true; that the mortgage to secure the balance of the purchase money was due and had not been paid. The bill sought to have the court ascertain the amount of the damages occasioned by the fraud, and to cause the indebtedness secured by the mortgage (viz., the balance of the purchase price) to be reduced by the amount of the damages, and, if that amount exceeds the mortgage debt, that the mortgage be canceled, with prayer for general relief.

By an amendment complainant offers to do equity, "and offers to rescind said contract and make such deed or conveyance of said property to respondents," etc., as may be required by the court.

82

The bill as originally filed alleged that complainant succeeded to the title of her deceased husband to said real estate and that she was then the sole owner thereof. The amendment shows that she acquired it as a homestead and by conveyance from the minor. The bill also alleges that her husband died shortly after the purchase without notice of the fraud and that she only discovered it within one year before filing the bill.

 It is well settled that one having the equity of redemption may file a bill to cancel the mortgage because the debt is fully paid, but to have a standing in equity, it should offer to do equity and to pay whatever may be found due, if it should be ascertained by the court that anything is due. Whitley v. Dunham Lbr. Co., 89 Ala. 493, 7 So. 810; Hartley v. Matthews, 96 Ala. 224, 11 So. 452; Dickerson v. Winslow, 97 Ala. 491, 11 So. 918; Williams v. Cooper, 107 Ala. 246, 18 So. 170.

In its essence a bill of that sort is one to redeem for which it has equity at the suit of one possessing the equity of redemption. The original bill alleged such ownership by complainant. It was not necessary to state in detail how it was acquired, though this was done in the amendment. While the purchaser of land has no standing in equity merely to abate the purchase price for fraud, so as merely to ascertain the amount of the debt, if anything remains (Williams v. Neal, 152 Ala. 435, 44 So. 551), but if such purchaser has some other equitable remedy in that respect, the fraud is available for that purpose, and is in the nature of a set-off or recoupment. Neal v. Williams, 168 Ala. 310, 53 So. 94. The alternative prayer for the relief that credits be marked on the margin of the record is not appropriate. If the debt has not been fully paid, no relief is due other than a right to make payment of the balance ascertained, effecting a redemption, and under the offer to do equity the court can foreclose the mortgage, without a cross-bill. Haralson v. Whitcomb, 200 Ala. 165, 75 So. 913; Seed v. Brown, 180 Ala. 8, 60 So. 98.

The bill as originally filed did not offer to do equity at all, but the amendment cured such defect. Therefore the original bill was subject to demurrer on account of that omission, but not so as to the amended bill.

When the statement of a fact is assumed to be within the knowledge of the person making it, the other has the right to rely on its truth, and in the absence of anything to arouse suspicion is not bound to make inquiry or examine for himself. Shahan v. Brown, 167 Ala. 534, 52 So. 737; Manning v. Carter, 192 Ala. 307, 68 So. 909; Wilks v. Wilks, 176 Ala. 151, 57 So. 776. The bill is sufficient in respect to its allegations of fraud.

It is immaterial to complainant's rights here set up when she discovered the fraud, if her husband was in fact defrauded to his damage, as the bill alleges. This claim is in the nature of a set-off and a defense to the debt claimed to exist (Williams v. Neal, supra; Bell v. Thompson, 34 Ala. 633), and as it subsisted since the existence of the original debt, and is by way of a plea to it, it is not barred by the limitations relating to a cause of action. In order to exercise the equity of redemption, and to have an abatement of the amount of the mortgage debt by reason of the fraud, delay in the enforcement of the right short of the period to effect such redemption cannot defeat the right. Undue delay would defeat the right of rescission for the fraud, thereby confirming the contract. But the equity of redemption and an ascertainment of the debt as abated by damages for fraud is not dependent upon a rescission, but is inconsistent with that right.

While the amended bill after offering to do equity also offers to rescind and reconvey the property upon such terms as the court may deem right, we do not interpret that as more than an added provision to make more specific the offer to do equity. There is no amendment of the prayer which does not seek a rescission. We think, therefore, it was not intended as a bill for rescission even in the alternative, and refrain from a discussion of its sufficiency in that respect.

For the reason we have indicated, we think that the original bill was subject to the demurrer and the court properly so decreed, but that the amended bill was not so defective and the decree sustaining the demurrer to it is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.