153 So. 424

## MITCHELL v. BOTTOMS et al.
### 6 Div. 433.

Supreme Court of Alabama.
March 8, 1934.

Wm. L. Chenault, of Russellville, for appellant.

K. V. Fite, of Hamilton, for appellees.

FOSTER, Justice.

In the fall of 1929, appellant took up and had delivered to him the possession of certain mortgages which he had given to T. W. Carpenter, and others held by Mr. Carpenter by assignment. One was executed to Jim Pearce in 1914 on land and personal property; one to Marvin Pearce in 1918 on the same land and personal property; one to T. W. Carpenter in the fall of 1918 on the same land, but no personalty; one to W. D. Pope in 1920 on personal property; one to T. W. Carpenter in 1923 on personal property. The Pearce and Pope mortgages had been taken over by Carpenter. T. W. Carpenter died about 1931, and left among his papers another mortgage purporting to be executed by appellant and his wife dated January 15, 1921, on the same land and also on some personal property.

The bill in this suit was filed by appellant to cancel the last-named mortgage on the ground that it was not executed by appellant. The only issue presented by the bill is whether the mortgage was in fact executed, and not whether it has been paid.

Complainant did not submit himself to the jurisdiction of the court, nor offer to do equity, if found mistaken in his averment as to the execution of the mortgage, and does not seek to redeem nor offer to pay the mortgage debt if any is found to exist.

It is in no sense a bill to cancel on the ground that there is no unpaid part of the debt, with offer to pay, if mistaken, any such balance. Parker v. Ward, 224 Ala. 80, 139 So. 215. The latter is a bill to redeem, and is inconsistent with one to cancel because the mortgage was not executed. Williams v. Cooper, 107 Ala. 246, 18 So. 170. And, while the two aspects may now be united under section 6526, Code, complainant is not required to do so.

There was no demurrer to the bill, but an answer only. The answer is not made a cross-bill, and seeks no decree of foreclosure, and none is decreed, but the court merely denied the relief and dismissed the bill.

On the issues thus presented, there was no right to inquire into the question of whether the debt included in the mortgage was paid in 1929, when appellant settled the other debts and received them over from Carpenter. No account books of Carpenter, who was apparently an extensive advancing merchant, were introduced showing the state of the account. There may be persuasive circumstances tending to show that the debt was paid, but the evidence on that question was beside the one issue made by the bill of complaint and answer. Upon a bill which would test that question, doubtless appellees would enlarge the scope of the evidence.

■ Upon the question of the execution of the mortgage, we note that there was an instrument purporting to be so executed and witnessed by and acknowledged before the clerk of the circuit court, who had at the time of the trial become probate judge. This officer testified that the attestation and acknowledgment were in his handwriting, which he identified with sufficient certainty to leave no doubt of that. It was recorded the next month after its date. The officer did not remember the circumstances when he testified, some twelve years after its date. But his testimony recognizing his signature, though not remembering the circumstances, is sufficient evidence of its execution, but, of course, not conclusive. Fies v. Lowery, 226 Ala. 329, 333, 147 So. 136; Williams v. Riddlesperger, 227 Ala. 113, 148 So. 803; Graham v. Lockhart, 8 Ala. 9; Hale v. Stone, 14 Ala. 803.

■ Appellant and his wife deny its execution. This they had the right to do, though Carpenter be dead, but the burden of proof was upon them, by clear and satisfactory evidence. Freeman v. Blount, 172 Ala. 655, 55 So. 293; Blount v. Blount, 158 Ala. 242, 48 So. 581, 21 L. R. A. (N. S.) 755, 17 Ann. Cas. 392.

Whether Carpenter did or not assert any rights under the mortgage after the fall of 1929 would be more important on the question of whether it had been settled along with the other mortgages on appellant's land than on the question of whether it was in fact executed.

■ We do not think appellant has met the burden required to show that he and his wife did not appear before the officer and acknowledge its execution sufficient to make it a valid instrument. Freeman v. Blount, supra; Fies v. Lowery, supra.

Since that is the only question involved, it is the only one decided. Whether the debt has been paid unfortunately cannot be now considered, but it is not here concluded, and may be tested in a bill to redeem. The decree is affirmed, without prejudice.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.