175 So. 546

### KING et al. v. McANNALLY.

#### 4 Div. 917.

Supreme Court of Alabama.

June 28, 1937.

Robt. E. Smith and Robt. W. Smith, both of Birmingham, for appellants.

Sentell & Sentell, of Luverne, for appellee.

BOULDIN, Justice.

In view of evident uncertainty in the minds of the bar and trial courts touching amendments to bills in equity allowable under present statutes, without working a departure from the original bill, this court in Garrett v. First National Bank of Montgomery, 233 Ala. 467, 172 So. 611, 617, reviewed our cases and laid down the following controlling principles: "An amendment does not depart from the purpose of the original bill if it seeks to adjudicate property rights in the same property between the same parties. This is the obvious effect of Code, § 6526. Amendments presenting a different version of the facts, calling for application of different legal principles, and molding of relief in different form, are not objectionable so long as the ultimate objective is sought—a decree declaring the equities of the same parties in the same properties growing out of the same transaction."

In the case before us, the original bill filed by the vendor, sought to rescind and cancel a deed to lands on the ground of fraud in the procurement of the deed, offering to do equity by a return of the purchase money received.

In the alternative, and in the event the deed was held valid, the bill sought the foreclosure of a vendor's lien for an unpaid balance of the purchase money.

The amended bill proceeds on the ground of insanity of the vendor at the time the deed was executed, and seeks to declare and enforce a lien under section 6822 of the Code, which reads: "Whenever any person shall in good faith, and for a valuable consideration, purchase real estate from an insane person, without notice of such insanity, such contract and conveyance shall not be void, but such insane person may recover from the vendee or those claiming under him, the difference between the market value of such real estate at the time of the sale and the price paid therefor, with interest thereon, and shall have a lien on such real estate to secure the same, and the purchasers from such vendee, without notice of the insanity of the original vendor, shall be protected in like manner and have the benefits of this section."

Prior to the enactment of this statute, a conveyance of lands by an insane person was absolutely void, even against bona fide purchasers for value without notice of insanity. This section modifies that rule, but assures to the non compos mentis payment of full value as of the date of such conveyance.

A bill by the insane vendor to enforce a lien under this section admits and proceeds on the assumption that the vendee or those holding under him are bona fide purchasers or mortgagors. The equities of the purchaser and those claiming under him are to be adjusted, and are proper parties to such bill.

The allegation of insanity in the amended bill reads: "The complainant avers that at, before and subsequent to the time of the transactions, hereinabove set out in Paragraph Five and Six of the bill of complaint, as herein amended, said A. C. McAnnally was insane and did not have sufficient mind to understand the business he was engaged in when transacting the same, and that before and since said transactions, he was adjudged insane and was confined to the Alabama Insane Hospital at Tuscaloosa."

This is a sufficient averment of insanity in such cases. Hall v. Britton et al., 216 Ala. 265, 113 So. 238.

If, as averred, the vendee assumed the payment of certain outstanding mortgages on the property as part of the purchase money, but failed to do so, and caused or permitted such mortgages to be foreclosed, and acquired the title through such foreclosure, he cannot set up such foreclosure and title so acquired through his own default to defeat the equity of the insane vendor under section 6822. A like rule applies to any holder under him in so far as the recitals in the deed gave notice that such mortgages were assumed by the vendee. The statutory right of redemption not having expired when the bill was filed, all parties take subject to such right set up in the bill.

The amended bill relates to the equities of the same parties in the same lands under the same transactions as in the original bill. That a next friend was introduced

482

for the non compos mentis in the amended bill is unimportant. The real party in interest is unchanged.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.