186 So. 558

### KING et al. v. McANNALLY.

### 4 Div. 52.

Supreme Court of Alabama.

Feb. 9, 1939.

Taylor & Higgins, of Birmingham, for appellants.

Sentell & Sentell, of Luverne, for appellee.

BROWN, Justice.

The equity of the bill, and its sufficiency as against the defendants' demurrer, was settled on the first appeal, King et al. v. McAnnally, 234 Ala. 479, 175 So. 546.

This appeal is from the final decree granting the complainant relief, and the decree confirming the Register's report, ascertaining the difference between the market value of real estate at the time of the sale and the price paid therefor, with interest, declaring a lien on the real estate, and ordering a sale thereof, unless said balance was paid. Code 1923, § 6822.

As the appellants state, in brief, "there are only three questions of fact involved in the case, namely: (1) was C. A. McAnnally an insane person at the time of the conveyance of the lands in question by him on the 9th day of February, 1934, and if so, then (2) what was the market value of said property on said date; and (3) what was the price paid therefor by the purchaser?"

The first question was determined by the court in favor of the complainant on record evidence, and evidence taken by deposition, and after careful review of all the evidence, without the aid of any presumption in favor of the ruling of the nisi prius court, the judgment here is that the conclusion expressed on the decree is supported by the great weight of the evidence.

The other two questions were determined by the Register on reference, and on evidence given ore tenus before him, and according to his findings, which were also sustained by the Circuit Court, the weight of the verdict of a jury, on review of all the evidence, we are not able to affirm that the conclusions of the Register as reported are against the weight of the evidence. Patterson v. Lovelady, 233 Ala. 554, 172 So. 646.

The record and proceeding of the Circuit Court are free from error, and the decree of that court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.