1 So.2d 292

**RYAN v. WOHL, SOUTH & CO.**

**8 Div. 931.**

Supreme Court of Alabama.

Feb. 20, 1941.

Rehearing Denied April 10, 1941.

S. A. Lynne, of Decatur, for appellant.

124

E. W. Godbey, of Decatur, for appellee.

GARDNER, Chief Justice.

S. M. Winton was for many years a merchant in what is known as the City of Decatur and indebted to the wholesale concern of Wohl, South and Company, which indebtedness, less payments from time to time, was finally reduced to judgment. The suit was begun in the month of March, and in May thereafter Winton conveyed to his daughter, Ruby M. Ryan, for a recited consideration of $1,200, certain lands containing sixty acres. Ruby Ryan was a young married woman, had previously taught school in the rural sections where her husband was a teacher. As part of the consideration it is claimed Winton was credited with either $75 or $100 (all parties uncertain as to the exact amount), which he had borrowed from his daughter when she was teaching before her marriage, and the remainder of the consideration is claimed to have come from a loan from The Federal Land Bank secured by a mortgage on this sixty acres and one hundred additional acres in which Winton had a life estate and Mrs. Ryan the reversion.

Following the deed in May, Winton conveyed in July his interest in the one hundred acres. The mortgage to the Federal Land Bank was made the middle of August and out of this borrowed money all agree a past due mortgage to one Bibb was to be paid. But the Bibb mortgage was not paid until the latter part of November thereafter, and no satisfactory explanation here appears as to these delays and the lapse of time intervening between the Federal Land Bank mortgage and the satisfaction of the Bibb mortgage, nor the execution of the deed to Ruby Ryan in May and the mortgage to the Federal Land Bank in August.

It is clear enough the daughter had practically nothing to do with the whole transaction, leaving it all to the husband, who in turn seems to have left much to the attorney. The husband scarcely knew Winton, his father-in-law, and indeed admits the recited consideration of $1,200 was perhaps more than the property was worth. Neither he nor his wife had any funds with which to purchase and the land was several miles from where he was living. But we forego further comment on the proof.

We have interpreted the passage of the Act of 1915 (Gen.Acts 1915, p. 594, now Section 10336 of the Code of 1923), as a legislative invitation to refrain from any detail discussion of facts which would serve no useful purpose as a precedent. Williams v. Dent, 233 Ala. 109, 170 So. 202; Caples v. Young, 206 Ala. 282, 89 So. 460.

Though the relationship of father and daughter is not within itself a badge of fraud, yet it is the established rule that transactions between such relatives are to be jealously watched and are to be subject to closer scrutiny than would be required of a stranger. When the deed was made by Winton to his daughter, he was clearly hard pressed for funds and indeed only a short time before had indicated to the attorney for the creditor that bankruptcy might follow, and this particular creditor had already reduced his claim to judgment.

Under the circumstances here shown, the burden of proof was shifted to the defendants to establish by strong and convincing evidence that an adequate and valuable consideration was paid for the conveyance. Williams v. Ellington, 233 Ala. 638, 172 So. 903. Defendants argue that their testimony as to the actual facts stands uncontradicted by other witnesses. But we have often observed with what ease consideration may be feigned in cas-

es of this character and that a witness may be as thoroughly discredited by the inherent improbabilities of his testimony as by the direct testimony of witnesses. Each case must stand "on the bottom of its own facts", and it is seldom that precedents are of practical value. Williams v. Ellington, supra; Williams v. Mahone, 236 Ala. 94, 182 So. 464.

The evidence has been read and studied with care, and upon the final analysis we conclude that defendants have failed to carry the burden of proof resting upon them and that the chancellor's decision to that end is correct. Nor do we think defendants stand in any better position as concerning the insistence that relief should be denied upon the theory the money was used for the payment of debts and of consequence the transaction was not fraudulent. Moog v. Farley, 79 Ala. 246; May v. Mathers, 233 Ala. 654, 172 So. 907.

But to support this theory we have only the vague and indefinite statement of Winton, with no facts given which could be said to furnish complainant any opportunity to contradict. Moog v. Farley, supra. Upon the whole Winton's testimony in this respect is likewise unsatisfactory and far from convincing.

The conclusion is that the decree is free from error and should be here affirmed.

It is so ordered.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.