1 So.2d 11

**JOHNSON v. DELONY et al.**

**8 Div. 79.**

Supreme Court of Alabama.

March 20, 1941.

R. L. Polk, of Sheffield, for appellant.

18

Jas. E. Smith, Jr., of Tuscumbia, for appellees.

FOSTER, Justice.

The bill in equity in this suit was filed by appellant, and sought the specific performance of a written contract made by him and John F. Funke in his lifetime, whereby Funke agreed to sell him, and he agreed to buy, a certain described lot. Funke being dead, the suit·is against his heirs and personal representatives.

The bill sought to have the purchase price abated for two reasons: one, for the breach of a contract said to be made by Funke at the time the sale contract was made by which he agreed to erect a dwelling house on said lot to cost not less than $1,500, which was included in the amount of the purchase price, and which was not done; and, two, that the contract calls for a lot fifty-three by one hundred and twenty-five feet, which was pointed out to him, whereas the lot described in the contract, and of which he was placed in possession is only fifty-three by thirty-six feet. It was in the form of a bill which was approved as to its general equity in Neal v. Williams, 168 Ala. 310, 53 So. 94.

The written contract was executed June 9, 1919. The bill was filed July 11, 1938. It does not allege the date of the death of Funke. There are two contentions made by respondents in support of their demurrer, which was sustained: one is laches or limitations, and the other is that the alleged contract of Funke to erect a dwelling on the lot is but an effort to change or add to the effect of the written contract of sale by a contemporaneous parol agreement on the same consideration.

Appellant contends that laches or limitations do not defeat his right because he alleges that he was put in possession of the lot by Funke and has remained, and is now, in possession of it; and that being so in possession his right to specific performance is not affected by laches or limitations on the authority of Sewell v. Peavey, 187 Ala. 322, 65 So. 803.

■ The bill was filed more than nineteen years after the transaction occurred. This delay alone does not foreclose his right, being in possession, to specific performance. Jones v. Gainer, 157 Ala. 218, 47 So. 142, 131 Am.St.Rep. 52; First National Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L.R.A.1918F, 353. But if there have intervened some special circumstances to make specific performance . inequitable, or work a hardship on defendant, laches with lapse of time may bar a claim. Courson v. Tollison, 226 Ala. 530, 147 So. 635; Ussery v. Darrow, 238 Ala. 67, 188 So. 885; 58 Corpus Juris 1124.

■ When the transaction has become so obscured by lapse of time, loss of evidence and death of parties, as to render it difficult, if not impossible, to do justice, laches will preclude complainant, even though the demand is not barred by limitations or prescription. Ussery v. Darrow, supra; 21 Corpus Juris 234.

■ The special circumstances necessary. to show laches must appear in the bill to make the bill subject to. demurrer on that account. Ussery v. Darrow, supra.

The theory proceeds on the assumption that the party to whom laches is imputed has knowledge of his rights and an ample opportunity to establish them; that by reason of delay the adverse party has good reason to believe that the alleged rights are worthless or have been abandoned. 19 Am.Jur. 344; Penn Mut. Life Ins. Co. v. Austin, 168 U.S. 685, 18 S.Ct. 223, 42 L.Ed. 626.

The bill alleges that complainant made many payments on the purchase price. It does not allege that he ever called on Funke to erect the house, which he says was to be done, or to abate the purchase price for such failure or on account of the deficiency in the size of the lot. Yet he alleges that he was in possession all the time since the execution of the contract, making payments on the purchase price.

The controversy here shown is not to prevent complainant from having specific performance of his contract as the same was executed, thereby to pay the balance of the purchase price and secure a deed. But the controversy which the bill sets up relates to an abatement of the purchase price on account of collateral matter not shown in the contract nor other writing, apparently dependent upon the memory of witnesses, after nineteen years have elapsed and the death of the adverse party has occurred. Complainant knew throughout the life of Funke that he had not built the house, if so, as alleged. Therefore, he must have known that to get the benefit of an abatement of the purchase price by such alleged agreement, action was necessary unless by mutual agreement. But he took no action though he had opportunity to do so, and he sets up no such agreement with Funke to. abate the purchase price. Likewise as to the deficiency in the size of the lot. By accepting possession of it of that size and without the house as promised, and paying on it from time to time, with no assurance from Funke or demand upon him, he is barred by laches after Funke died to make such a claim which he would not do in Funke's lifetime, having delayed to file this suit for nineteen years, without excuse.

Not only does the bill fail to allege an agreement to abate the purchase price, but also fails to allege facts from which an inference of such agreement or of a right to do so may be drawn. It is merely founded upon a status alleged to exist nineteen years before, resting solely on the memory of witnesses, and is not brought forward until after the death of his opponent.

### Contemporaneous verbal contract.

It is also contended that the bill is subject to demurrer insofar as it seeks an abatement of the purchase price by reason of a failure to fulfil a promise made at the time of the execution of the contract to erect on the lot a house to cost not less than $1,500.

The bill does not specifically allege whether such collateral agreement was verbal or in writing. The question now is not whether it is within the statute of frauds, but its effect as a contemporaneous agreement collateral to the contract of sale executed by both parties which purports to express the whole of their agreement. This is a different legal status from that of the statute of frauds, insofar as the rules of pleading obtain. That statute must be specially pleaded when the complaint does not on its face show that it is violated. When it does not so appear, and the statute is not pleaded, the defense is considered waived. But it is not necessary to aver in the complaint whether the statute was complied with. If this is not done, a plea of the general issue would not be sufficient to raise the question. Jones v. Field, 83 Ala. 445, 3 So. 893; Jones v. Hagler, 95 Ala. 529, 10 So. 345.

The question of whether a collateral agreement varies a contemporaneous writing is not affected by a waiver of the requirement. The complainant here seeks to enforce a contract which on common law principles has one legal effect if verbal and another if in writing. He must allege with certainty the existence of the facts necessary to sustain his contention. His failure burdens him with adverse inferences on demurrer taking the point. Rice v. Gilbreath, 119 Ala. 424 (6), 24 So. 421; 17 Corpus Juris Secundum, Contracts, § 535, p. 1164, note 2.

We must therefore consider the alleged agreement verbal. It has the effect of adding a covenant to erect a house by the seller to his written contract of sale. This is not permissible. 9 Ala. Digest 356, Evidence, ☞441 (1) to (9).

The decree of the court sustaining the demurrer could well have rested on those two grounds. It was therefore without error.

This does not mean that appellant cannot have specific performance of his contract on the terms set forth in the written instrument; but he cannot have an abatement of the purchase price on account of a failure on the part of the seller in respect to matter then existing, outside the terms of the contract. He is barred by laches from making such contention.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.