5 So.2d 99

**FRANKLIN et al. v. NUNNELLEY.**

6 Div. 903.

Supreme Court of Alabama.

Dec. 18, 1941.

J. L. Drennen, of Birmingham, for appellants.

Thos. Seay, of Birmingham, for appellee.

**GARDNER, Chief Justice.**

The appeal is from a decree overruling demurrer to the bill as amended.

■ As we read the amended bill it simply discloses an exchange of property between complainant and defendant Franklin and specifies certain damages sustained by complainant by reason of false representations of said Franklin. Nothing to the contrary appearing, defendant Franklin is presumably solvent, and if this were all, the remedy at law would be adequate and the bill without equity. Williams v. Neal, 152 Ala. 435, 44 So. 551; Parker v. Ward, 224 Ala. 80, 139 So. 215; Neal v. Williams, 168 Ala. 310, 53 So. 94.

■ But by reason of the tortious conduct of Franklin complainant has suffered damages and is to be considered as his existing creditor (Dowling v. Garner, 195 Ala. 493, 70 So. 150; Gunn v. Hardy, 130 Ala. 642, 31 So. 443), when the deed was executed to defendant Smith upon a voluntary consideration.

■ The amended bill seeks to set aside this voluntary conveyance and subject the property to the satisfaction of complainant's claim for damages. It is well settled that where a debtor conveys property without consideration, an existing creditor may subject the property so conveyed to his debt regardless of the question of grantor's insolvency or the intent of the parties. Harris v. First National Bank, 227 Ala. 86, 149 So. 86; Moore v. Altom, 192 Ala. 261, 68 So. 326; Williams v. Ellington, 233 Ala. 638, 172 So. 903; Ryan v. Wohl, South & Co., 241 Ala. 123, 1 So. 2d 292; Wade v. Brantley, etc., 230 Ala. 345, 161 So. 101; 10 Alabama Digest, Fraudulent Conveyances, ☜74(1), p. 611; 20 Am.Jur. 179–181; 27 C.J. 516.

■ Thus considered, therefore, the amended bill has equity as one to set aside a conveyance in fraud of the rights of an existing creditor. The court having assumed jurisdiction for this purpose will retain jurisdiction for all purposes necessary to a complete determination of the cause, and settlement of the matter between the parties. May v. Lowery, 214 Ala. 230, 107 So. 67; Neal v. Williams, 168 Ala. 310, 53 So. 94.

■ The mere fact the original bill appears to have been rested upon the establishment of a vendor's lien does not constitute the amendment a departure therefrom. The subject matter, the parties and the essential facts are the same, and the amendment presents no new cause of action. King v. McAnnally, 234 Ala. 479, 175 So. 546; Neal v. Williams, 168 Ala. 310, 53 So. 94, and authorities cited in the note to Equity Rule 15, Vol. 7, Appendix, p. 1055, Code 1940.

■ Upon the question of fraudulent representation the rule is that when the statement of fact is assumed to be within the knowledge of the person making it (and the amended bill here so discloses), the other has the right to rely on its truth, and in the absence of anything to arouse suspicion is not bound to make inquiry or examine for himself. Parker v. Ward, 224 Ala. 80, 139 So. 215.

■ Nor is complainant's right to relief to be prejudiced by the fact a deed, imperfect to pass the full legal title, by omission of the husband's name in the body thereof (Rushton v. Davis, 127 Ala. 279, 28 So. 476), was given the purchaser Franklin. He accepted it and holds possession thereunder and complainant's offer in her bill to remove the defect by delivery of a corrected deed suffices for all purposes.

■ The demurrer is properly considered as addressed to the amended bill as a whole (American-Traders' Bank v. Henderson, 222 Ala. 426, 133 So. 36), and what has been said sufficiently answers the argument addressed thereto.

It results that the decree is due to be affirmed, and it is so ordered.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.