70 So.2d 264

SCHOCK et al. v. UNDERWOOD et ux.

1 Div. 523.

Supreme Court of Alabama.

Jan. 21, 1954.

1. Ante, p. 1.

Thos. F. Sweeney and Wm. H. Cowan, Mobile, for appellees.

Johnston, McCall & Johnston, Mobile, for appellants.

PER CURIAM.

This is an appeal from a final decree granting relief to the purchasers of a house and lot in Mobile County and reducing the amount specified in the contract by $500, holding that a certain newspaper advertisement, dated August 27, 1947, constituted a representation that said house would contain bathroom fixtures of the value of $500, which were not installed.

There was a written contract entered into between the parties dated September 2, 1947, and was signed by both parties. It purported to be complete within itself, and did not refer to any other document to supplement it.

Appellees as the purchasers inspected the house which was incomplete—not having

interior doors, not painted inside and without bathroom fixtures.

The bill of complaint sought a reduction of the contract price on account of those incomplete conditions. It alleges representations were made by the sellers, appellants, that those incomplete conditions would be supplied and installed. It does not allege that such representations were a feature of the written contract, or that they were fraudulently made with no intention at the time of complying with them. The bill prays that the court ascertain the amount justly due under the contract and require respondents to account to complainants for such amount as complainants have overpaid the purchase price and for general relief. It does not offer to do equity.

The trial was had by testimony given in open court before the trial judge.

The court overruled the demurrer which included the general grounds and that the remedy at law is adequate. Error is assigned in that respect and also in respect to the final decree.

■■■ A bill does not contain equity which merely seeks a reduction in the amount of the purchase price of land on account of representations made. The remedy at law is adequate. To give it equity such a bill must seek specific performance of the contract or some other equitable relief. Bell v. Thompson, 34 Ala. 633; Williams v. Neal, 152 Ala. 435, 44 So. 551; Neal v. Williams, 168 Ala. 310, 53 So. 94; see Williams v. Neal, 147 Ala. 691, 40 So. 943; Catanzano v. Hydinger, 233 Ala. 116, 170 So. 214. The bill is wanting in equity for not complying with the rules applicable to such a situation, and the demurrer should have been sustained.

The relief granted in the final decree of the court merely ascertained that the balance of the purchase price should be reduced by the sum of $500 on account of the failure to supply the bathroom fixtures which, as stated above, the court found should have been supplied by the appellants and decreed there was a balance of the purchase price of $368.68, and that appellants have in reserve for taxes and insurance the sum of $8.23, and further that they pay the costs of the suit. On the bill the court was without power to render such decree, as pointed out in the cases, *supra*.

■■■ Moreover, the court was in error in holding that the purchase price should be reduced by that amount, assuming that the court had jurisdiction to ascertain the balance of the purchase price upon which to predicate a decree for specific performance. The court was of the opinion that an advertisement which appeared in the paper as of August 27, 1947, was controlling in respect to that question. That advertisement is as follows:

"Franklin Place

"Garrison Avenue: Your Dream House has Come True. An exclusive colored subdivision, paved streets, bathrooms, running water, electricity. Lots selling $50 down, $25 per month. 50 houses already being erected in this subdivision. Buy now. J. A. Schock, 815 First Nat'l. Bank Bldg. Mobile, Ala."

The advertisement appeared prior to the execution of the contract between the parties. But it was not referred to in the contract. The contract did not stipulate that appellants were to do anything further toward finishing the house nor did they enter into any obligation in respect to it whatsoever.

■■■ Appellants were shown to have been engaged in the development of a large subdivision for Negroes and appellees, who were Negroes, sought to purchase one of the houses so developed. Some of the houses, without the finish here shown, were offered for sale for $2,750, others with that finish for $3,250. The advertisement referred to the houses as containing bathrooms, but that was consistent with the contention of appellants that some of them

were not to contain bathroom fixtures. There was no misrepresentation in the advertisement with respect to that question. Appellees examined the house and knew its condition before they made the contract. A collateral verbal promise on the part of appellants to complete the house in a certain way, if made, would add to their written contract of sale. A verbal covenant by the vendor "to erect a house" adds to his written contract of sale and is not permissible. Johnson v. Delony, 241 Ala. 16 (8 and 9), 1 So.2d 11.

If appellees rely upon the representations as to what appellants would do as a fraud in procuring the contract, it would be necessary to allege that appellants had no intention at the time of making the promise that they would carry it out. Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Shepherd v. Kendrick, 236 Ala. 289, 181 So. 782; Williams v. Williams, 238 Ala. 637, 193 So. 167; Birmingham Broadcasting Co. v. Bell, Ala.Sup., 68 So.2d 314 (9 and 10).[1] The bill is clearly incomplete with respect to any such allegation and the trial judge in finding the facts did not find that there was any fraudulent representation made as to the present purpose of appellants with respect to finishing the house in that way. So that the finding of facts by the trial judge is not sufficient to justify a decree of the court reducing the amount of the purchase price as it did.

The decree should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.

1. 259 Ala. 656.