**Reginald C. COLE, Plaintiff,**

**v.**

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation, and George E. Little, Defendants.**

**George E. LITTLE, Defendant and Third-Party Plaintiff,**

**v.**

**Gorman HOUSTON, Third-Party Defendant.**

**Civ. A. No. 74–17–N.**

United States District Court, M. D. Alabama, N. D.

Aug. 19, 1974.

Truman M. Hobbs and Richard H. Gill (Hobbs, Copeland, Franco & Screws), Montgomery, Ala., for plaintiff.

Theodore H. Hoffmann (Miller & Hoffmann), Montgomery, Ala., for defendant Hartford.

Robert C. Black (Hill, Hill, Carter, Franco, Cole & Black), Montgomery, Ala., for defendant and third-party plaintiff Little.

**1266**

Charles E. Porter (Rushton, Stakely, Johnston & Garrett), Montgomery, Ala., for third-party defendant Gorman Houston.

## ORDER

JOHNSON, Chief Judge.

This case is now submitted on two motions for summary judgment. The plaintiff, Reginald C. Cole, filed on June 3, 1974, a motion for summary judgment on his claim against the defendants, Hartford Accident and Indemnity Company and George E. Little. Gorman Houston, defendant on a third-party complaint by principal defendant Little, filed a motion for summary judgment on May 8, 1974. Both motions are submitted on the pleadings, briefs and depositions.

■ 1. Motion of Reginald C. Cole— The complaint alleges that in 1970 plaintiff was due approximately $15,000 as proceeds of a settlement of a tort claim. Plaintiff was then a minor, and defendant George E. Little, Probate Judge of Barbour County, appointed plaintiff's mother as guardian of this property and gave her control of it, with plaintiff's stepfather as surety on the guardian's bond. The complaint further alleges that the entrusted funds have been used for purposes other than the plaintiff's benefit, and that neither the guardian nor her surety is able to repay the loss. The complaint asserts a claim against Judge Little for negligence in approving an insufficient surety under Alabama Code, Title 21, § 38 (1958). Hartford, surety on Judge Little's official bond, is sued under the same provision.

Upon consideration of the pleadings and the testimony submitted through depositions, the Court finds that there exists a genuine issue of material fact as to the negligence of defendant Little in approving the surety. The existence of that issue makes summary judgment improper.

Accordingly, it is Ordered that the motion for summary judgment filed by the plaintiff, Reginald C. Cole, be and hereby is denied.

2. Motion of Gorman Houston—The third-party complaint by Judge Little claims that Gorman Houston represented Reginald C. Cole in the settlement of the tort claim and in the guardianship proceedings. The complaint further asserts that Judge Little is not a lawyer and relies heavily or exclusively on the representations of the attorneys practicing before him, and that the fact of this reliance is well known to such lawyers, including Gorman Houston. The complaint alleges that in the guardian-appointment process, Gorman Houston represented to Judge Little that plaintiff's stepfather would be a good surety, and that Little relied on this statement in approving this surety. Defendant Little claims that if he is liable to plaintiff for negligence, then Houston is liable in turn to him for negligent misrepresentation under Alabama Code, Title 7, § 108 (1958). That provision treats even innocent misrepresentation as legal fraud, Maring-Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So.2d 484 (1970), and misrepresentations as to financial condition are actionable under the fraud statutes. Ringer v. First Nat'l Bank, 291 Ala. 364, 281 So.2d 261 (1973). Third-party defendant asserts, however, that one of the essential elements of a fraud claim—plaintiff's "right to rely" —is unavailable in this case as a matter of law.

The right to rely is generally discussed in terms of a person's duty to investigate factual representations made by another before acting in reliance on them. See Franklin v. Nunnelley, 242 Ala. 87, 5 So.2d 99 (1941); Parker v. Wood, 224 Ala. 80 (1932). The assertion here is somewhat different. Houston claims that a judge, in making a judicial decision, has no right to rely on an attorney's representations so as to make those representations the basis of a fraud claim.

■ The parties have not pointed out, and this Court has not found, any cases

from Alabama or elsewhere dealing with this point. Thus the Court is required to make a judgment as to what the Alabama law is. Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); Insurance Co. of North America v. English, 395 F.2d 854 (5th Cir. 1968). To begin, the Court accepts the premise of Houston's argument: the determination of the sufficiency of a proffered surety is a judicial act, "the result of judgment or discretion." Grider v. Tally, 77 Ala. 422, 425 (1885). See Thompson v. Holt, 52 Ala. 491, 501 (1875); Hamilton v. Williams, 26 Ala. 527 (1855). The relationship between the probate judge and the parties to another type of "judicial act" was recently discussed by the Alabama Supreme Court in O'Barr v. Feist, 292 Ala. 440, 296 So.2d 152 (1974). That was an action by a person committed to Bryce Hospital against a physician who had sent a letter to the committing probate judge indicating that commitment was desirable. The complaint sought damages for slander and negligence, and included an allegation that the judge would not have ordered the commitment but for the letter and that the doctor knew this. The Court determined that there could be no recovery on the negligence claim because the plaintiff could not establish legal causation between the doctor's letter and the commitment decision. The Court said:

> We think that the statutes for commitment place the decision making power entirely within the sound discretion of the probate judge. It is by his hand that the order is made. The physician is no more than a witness in the proceeding and he has no authoritative means to foretell that the probate judge will act in accordance with his report and commit the appellant.

> The judge is free of any obligation to follow the physician's conclusions. The language of the statutes . . . makes the probate judge a free agent and charges him with the duty and responsibility of ascertaining and adjudging whether or not a person is sufficiently deficient or defective mentally to require that he be moved to a mental hospital. . . .

> . . . . . .

> Where judicial discretion exists, no one knows full well what a judge may decree. They may very well surmise, but those who do, sometimes find themselves mistaken.

> . . . The judge must depend on evidence to make his decision, but his decision is his own act that brings about the results.

296 So.2d at 160.

That decision is important here because of its emphasis on the absolute independence of the probate judge in making a judicial decision. He might give credence to the statements of witnesses or counsel, but the law affords him no "right to rely" as that term is understood in the law of fraud. For that reason, he can have no claim in fraud against an attorney for misrepresentations which formed the basis for judicial action.

Upon consideration, the Court finds that there are no genuine issues of material fact on the question of third-party plaintiff Little's right of reliance, and that third-party defendant Houston is entitled to judgment as a matter of law.

Accordingly, it is Ordered that the motion for summary judgment filed in this case by the third-party defendant, Gorman Houston, be and hereby is granted, and that judgment be and hereby is entered for said third-party defendant.