I agree that the summary judgment is due to be affirmed as to the contract count, because the contract specifically excluded the very problem of which McCullough now complains. I respectfully dissent, however, from the affirmance of the judgment as to the fraud count.
This is another case in which a plaintiff is attempting to bring a fraud action based on allegations of oral misrepresentations that contradict the plain terms of a written contract, as the plaintiff was allowed to do in Hicks v. GlobeLife Acc. Ins. Co., 584 So.2d 458 (Ala. 1991). McAnalley's alleged representations about his commitment to prevent water damage to the house were broader than his promises in the contract, but I do not believe that McCullough should be allowed to contradict the agreement that he signed and thereby to recover in fraud when he cannot recover in contract. McCullough does not argue in his brief that he was fraudulently induced to sign the contract. Absent an allegation of fraud in the inducement, oral contradictions of written contracts are prohibited by the parol evidence rule, and the Statute of Frauds, Ala. Code 1975, § 8-9-2, requires certain contracts, such as those for the sale of any interest in land, to be in writing. These are venerable principles of the common law that serve important purposes in our society; without them, commerce could scarcely take place without continuous disputation. I believe the Court's present course infringes upon those principles.
As I said in my dissent in Hicks, I now believe that the Court should not have adopted the "justifiable reliance" standard for fraud actions. The "reasonable reliance" standard expresses a flexible concept that this Court applied for many years. See, e.g., Dickinson v. Moore, 468 So.2d 136 (Ala. 1985); Arkel Land Co. v. Cagle, 445 So.2d 858 (Ala. 1983);Torres v. State Farm Fire Cas. Co., 438 So.2d 757 (Ala. 1983); Ray v. Montgomery, 399 So.2d 230 (Ala. 1980); Franklinv. Nunnelley, 242 Ala. 87, 5 So.2d 99 (1941); Parker v. Ward,224 Ala. 80, 139 So. 215 (1932).
Even if McAnalley made the representations that McCullough says he made, it was not reasonable for McCullough to rely on representations that were obviously contrary to the exclusions written into the contract the two had executed for the very purpose of allaying McCullough's concerns about water damage. If McCullough wanted McAnalley's promises to cover improper drainage, he should have insisted on the removal of that exclusion from the contract. McAnalley's superior expertise is a point in McCullough's favor, but the contract is short, simple, typed on McAnalley's stationery, and drafted specifically to the circumstances. Reproduced as accurately as possible, it reads in its entirety:
"December 21, 1988
 "This agreement between Don McAnalley, Danny Inman (Seller), and Leslie Craig McCullough and wife, Anna S. McCullough (Purchasers) shall contain the following:
 "I agree to do the necessary yard level alterations, down spout alterations, block treatments, and drainage procedures to insure that water shall not seep or run into the crawlspace under subject property. In the event of water seepage or running under or into the crawl space, any damage to the flooring system, subflooring or floor covering shall be corrected by Don McAnalley.
"This agreement excludes the following: *Page 236 
 "Footing and block settling or cracking due to any cause and any or all damages that may result.
 "The obstruction of the city drain system that subject property drains into, or the inability of the drain system to accommodate the volume of water flowing into the system that could affect this property.
 "McAnalley shall not replace any shrubs or grass, bark, etc. that may be damaged or removed during this alteration process: however, care shall be given to preserve the shrubs and grass in place.
 "This agreement shall be in effect for a term of ten (10) years from the closing date of Dec. 29, 1988.
"[signed] Donald H. McAnalley (McAnalley Const.)
Danny Ray Inman (Seller)
Leslie Craig McCullough
Anna S. McCullough
"Witness: Regina C. Coates [signed]
Notary, State of Alabama"
The facts in this case — McCullough's aroused concern, the drafting of this agreement directly to address that concern, the exclusion from the agreement of damages caused by "the inability of the drain system to accommodate the volume of water flowing into the system," and the fact that such an inability is the cause of the problem — convince me that McAnalley has met his burden of showing that there is no genuine question as to the material fact of reasonable reliance and that he is entitled to a judgment as a matter of law. See Rule 56, Ala.R.Civ.P. Therefore, I would affirm the judgment in its entirety.
MADDOX, J., concurs.